ALBANY,
Oct. 1828.

Fondey
v.
Cuyler.

Where a cause
before a justice
was adjourned
for more than
12 days, and
an engage-
ment in wri-
ting was enter-
ed into by a
surety, that he
would pay the
damages and
costs which
might be ad-
judged against
the defendant,
if he did not
personally ap-
pear at the day
of adjourn-
ment, such en-
gagement was
held valid, al-
though it omit-
ted the alterna-
tive, that the
defendant
should render
himself in exe-
cution; and
on the neglect
of the defend-
ant to appear,
the surety was
adjudged re-
sponsible for
the judgment
which was
rendered in the
cause, notwith-
standing the
execution a-
gainst the de-
fendant was
returned in
less than 90
days, and that
it was shewn
that the defen-
dant had ob-
tained an in-
solvent's dis-

FONDEY *vs.* CUYLER, survivor, &c.

ERROR from the Albany common pleas. J. Cuyler, sur-
vivor of J. & A. Cuyler, sued Fondey in the justice's court of
the city of Albany, on an engagement in writing in the follow-
ing words: "I do hereby promise to pay the damages and
costs which may be adjudged against the defendant in this
cause, if he do not personally appear at this office on the
day and time of adjournment. July 11, 1826." Entered in
the docket of a justice of the peace, under the title of a cause
prosecuted before him by J. & A. Cuyler against one A. K.
Van Patten. It appeared that Van Patten was brought before
the justice on the 11th *July*, 1826 ; that the plaintiffs declared
against him ; that he plead the general issue, and requested
an adjournment to the 22d *September*, which was granted, on
his making the oath required by the statute in such cases,
and giving the above security. On the 22d September, the
plaintiffs in that suit appeared, but Van Patten did *not* appear.
The justice proceeded to hear the cause, and gave judgment
for the plaintiffs for $40,56, damages and costs. On the
9th December, he issued an execution on the judgment,
which, on the 2d January, 1827, was returned unsatisfied.
The plaintiff, as survivor, then brought his suit against
Fondey in the justice's court of the city of Albany, and
declared on the above engagement. Fondey plead the gen-
eral issue, and gave notice that he intended to give in evi-
dence a discharge under the insolvent act, granted to Van Pat-
ten, previous to the date of the engagement declared on, ex-
empting Van Patten's body from imprisonment. The plaintiff
proved the judgment rendered in his favor, and the engage-
ment signed by Fondey. The defendant proved the dis-
charge of which he had given notice, bearing date 20th Jan-
uary, 1827. The justice's court gave judgment for Fondey,
the defendant. The plaintiff appealed to the common pleas

charge, exempting his body from imprisonment, within 90 days after the issuing of the exe-
cution.

of Albany, who, on the same pleadings and evidence, gave judgment for the plaintiff; to reverse which, a writ of error was brought to this court.

*J. V. N. Yates,* for plaintiff in error, made the following points: 1. That as the memorandum or engagement in writing, did not, in terms or substance, conform with the requisitions of the *fifty dollar act,* it was void. 2. If it was not void, the insolvent discharge of Van Patten, and the irregular return of the execution, before the day of its return, discharged the defendant from all liability.

*A. Townsend,* for defendant in error. The court will give effect to this engagement, by considering it as taken under the fifth section of the act, as was done in the case in 1 *Cowen,* 99, where a similar engagement was held valid, although the adjournment was for more than twelve days. The alternative, that the defendant in the original action should render himself in execution, in case judgment was obtained against him, not having been inserted in the engagement, the plaintiff in error cannot avail himself of any irregularity in the return of the execution in the original suit, nor of the discharge granted to the defendant in that suit.

*By the Court,* SAVAGE, Ch. J. Had the memorandum been properly drawn under the 6th section of the *fifty dollar act,* it would have contained a clause exempting the surety, upon the original defendant's surrendering himself in execution, in case judgment went against him. In that case, the plaintiff before the justice, must have had an execution in the hands of an officer to whom the principal could have surrendered himself; and then the principal, having obtained a discharge before the expiration of the execution, would have been discharged from custody. Under such a state of facts, the plaintiff below would not have been entitled to recover against the defendant. But the memorandum contains an absolute engagement to pay the damages and costs, if Van Patten should not personally appear at the time and place to which the cause was adjourned. This is in the form,

substantially, as required under the 5th section. The reason of the difference, I apprehend to be this: the 5th section provides for proceedings upon a warrant; the defendant is in custody, and upon an adjournment, the surety engages to replace him as he found him, in the custody of the constable. It was not necessary in such case, that the surety should engage that the principal should surrender himself in execution; for if he complied with his engagement, the defendant would be brought back within the jurisdiction of the court and the officer, who, I apprehend, ought, when the surety has returned him, to retake him into custody, and detain him until legally discharged. By the 6th section, provision is made for cases where proceedings are commenced by summons; and, therefore, as the original defendant is not in custody, the surety agrees that he shall appear and answer, and also render himself in execution. By the actual agreement of the surety in this case, he was bound by one of two alternatives; either that Van Patten should appear, or that he, the surety, would pay the damage and costs if judgment should be given against him. Van Patten did not appear, and of course, when judgment was recovered against him, Fondey became liable to pay it. In this view of the case, the discharge granted to Van Patten, exempting his body from imprisonment, could not constitute a ground of defence. I am accordingly of opinion, that the judgment of the common pleas be affirmed.