By the Court,

Bronson, J.
The breach is well assigned in the second count, and the only question made on the argument is, whether the bond was valid. The appeal was prosecuted under the act of 1824, for the recove y of debts of the value of fifty dollars (Laws of 1824, p. 294, § 36). There was formerly a doubt whether the provision in the statute allowing the appellant to surrender his body in execution, extended to both branches of the condition of the bond given on prosecuting an appeal. That question was settled in Allison v. Wilkins (1 Wendell, 153), in which it was held, that where the appeal is prosecuted to a decision in the common pleas, the con *42 dition is absolute to pay the judgment, without the privilege of discharging the bond by surrendering the body in execution of the judgment. The condition of this bond in both its branches allows the appellant to surrender; and because it is more favorable to the defendants than the statute requires, it is insisted that the bond is contrary to law and void. That is the only question in the case.
This court has often had occasion to consider the sufficiency of appeal bonds, under the act of 1824, and it has generally been said that the appellant must comply strictly with the requirements of the statute, or he can derive no benefit from the appeal. The question has usually arisen on the motion of the appellee to quash the proceedings (4 Cowen, 80, 540; 6 id. 592,593; 7 id. 423, 468; 9 id. 227). Within the principle of these decisions the appeal of Hayward might have been quashed on motion, because the bond was less beneficial to the plaintiffs than the statute required. But the plaintiffs made no objection to the sufficiency of the bond. Hayward [70] has had the full benefit of his appeal, and I think the defendants should not now be allowed to object that their own voluntary obligation was less onerous than it should have been. I will not say that this opinion can be reconciled with all the decisions that have been made in relation to appeal bonds, nor that all the cases on that subject are entirely consistent with each other; but upon general principles, I think the defendants should not be heard to make this objection. The bond was not contrary to law, nor against good morals. It contained all that the statute required, and was only wrong in the addition of a further clause, which rendered it more favorable to the obligors. Where the bond is more favorable to the appellee than the statute requires, it has been repeatedly held that he can not complain that the statute has not been followed (5 Cowen, 27; 7 id. 138). That principle is applicable to this case, and should conclude the defendants.
Latham v. Edgerton (9 Cowen, 227), is no doubt a very strong case against the jurisdiction of the common pleas on appeal under any possible circum-1 stances, where the bond is not such as the appellee has a right to require. If the question were an open one, I should be strongly disposed to consider the notice and appeal bond in the nature of process to bring the matter before the common pleas; and if the appellee voluntarily appeared and proceeded to judgment without asking to have the appeal dismissed, he might then be regarded as having waived any objection to the sufficiency of the bond. A defect in the form of process, after the parties had voluntarily appeared and proceed to judgment, could not be set up for the purpose of overturning the jurisdiction of the court. But it is enough for the present that none of the cases decided the question under consideration; it has never been held that a party, after having had the full benefit of his appeal, can successfully resist an action on the bond, because he had not in all respects complied with the requirements of the statute.
This is not like the case of bonds taken by the sheriff for ease and favor or by color of his office, which are declared absolutely void by statute (7 Johns R. 159, 426; 8 id. 98). A bond is not void merely because it may not in all respects conform to the statute under which it was taken (1 Wendell, 464; 12 id. 306). The cases cited from 1 Peters's C. C. R. 46, 7 Cranch, 28, and 2 Barn. & Ald. 431; do not militate against this doctrine.
Judgment reversed.