Gardiner, J.
 

 In this case the judgment was rendered by the justice on the 18th of November. The affidavit was not presented to the officer, nor the appeal allowed until the 12th of December, twenty-five days subsequent to the entry of the judgment. In
 
 Ex parte Ostrander,
 
 (1
 
 Denio,
 
 680,) it was held that the allowance must be made within ten days, and that the failure to make the affidavit and obtain the allowance with-m that period, was ground sufficient to dismiss the appeal, and one against which the court, even if disposed, could not relieve. (2
 
 R. S.
 
 258, § 187.)1
 

 It has been repeatedly held, that courts have no dispensing power, even in matters of practice, where the legislature have spoken.
 
 (Bleeker
 
 v.
 
 Wiseburn,
 
 5
 
 Wend.
 
 136; 7
 
 Paige’s R.
 
 247; 9
 
 id.
 
 574; 6
 
 How.
 
 113; 4
 
 Wend. R.
 
 204.) The power will hardly be claimed in behalf 6f a judge at chambers: The substance of the statutory provisions is that a judge at chambers may direct a new trial if application is made within ten days after the judgment, and the proper affidavit presented. (§ 187.) He can no more enlarge the time than he can legislate in any other matter. Here twenty-five days had elapsed before the affidavit was presented. The allocatur was therefore a nullity. The justice was under no obligation to obey it. This was conceded on the argument. But a mandate for a. new trial, granted by authority of a statute, which the court to
 
 *467
 
 whom it is addressed may disregard at pleasure, is a legal ab surdity. The question then is, had the common pleas jurisdiction of the cause and the parties, which authorized them to proceed to a
 
 new trial,
 
 without the allocatur of the officer specially authorized by statute to grant it ?
 

 If the preliminary proceedings are in the nature of process, to bring the matter before the court of common pleas, as suggested by Judge Bronson, in
 
 Van Deuzen
 
 v.
 
 Hayward,
 
 (17
 
 Wend.
 
 67,) it is clear that no jurisdiction was acquired of the person of the appellee. If in place of the service of process upon the appellee, we are to'substitute the constructive notice, arising from the proceedings under the statute, its requirement must be followed in every essential particular. (1
 
 Denio,
 
 431.) This is the plain dictate of justice, as well as a fundamental principle of law. The 191st section accordingly declares, that “no appeal shall be valid, or have
 
 any
 
 effect, unless the party appealing shall serve the affidavit, and allowance of appeal, deliver a bond, &c.
 
 as hereinbefore directed.”
 
 The 194th section provides, “that the justice, within ten days after any appeal shall have been
 
 duly made,
 
 shall make a return, stating among other things, the time when the affidavit,
 
 allowance of appeal,
 
 &c. were served on him.” The service required by the last section, necessarily implies the existence of the things served, and also their necessity to an effectual appeal, or the legislature would not have been guilty of the absurdity of requiring the time to be stated.
 

 The 201st section declares, that “ on the return being filed, the common pleas shall be possessed of the cause.” This means a return, in pursuance of the previous sections. It must be a return consequent upon an appeal
 
 duly made,
 
 to give the court jurisdiction of the parties. (1
 
 Denio,
 
 421.) No doubt the common pleas, upon the filing of a defective return, acquires jurisdiction of the cause sub modo. They can entertain a motion to dismiss the appeal—to amend the bond, (section 204,) or they may look into the return, and upon their own motion quash the proceedings. So the appellee by a voluntary appearance may waive all objections to proceedings, however defec*
 
 *468
 
 tive, and proceed to trial upon a return of the pleadings before the justice, upon which there has been no judgment. The court would have jurisdiction of the subject matter, and the consent of the appellee, under such circumstances, would-give jurisdiction of the person. In like manner, the proceedings upon attachment before a justice, may be so defective, as to give the magistrate no jurisdiction of the person of the defendant ; yet if the latter appears and contests the suit upon the merits, a valid judgment may be rendered. This is the full extent to which the decisions have been carried.
 
 The People
 
 v.
 
 Erie Com. Pleas,
 
 (6
 
 Wend.
 
 549;)
 
 Van Deuzen
 
 v.
 
 Hayward,
 
 (17
 
 id.
 
 70;) 4
 
 McCord,
 
 80.
 

 In this
 
 case, as we
 
 have seen, there was no allowance of the appeal. The return of the justice according to the fact, would have shown'the defect. Nor has the appellee waived the irregularity. He was not in the state from the time of the commencement of the suit before the justice, until after judgment was obtained against him upon the appeal. At a subsequent term, he moved the common pleas to set aside the judgment, upon the ground of irregularity. His appearance for that purpose was no waiver, but the reverse of it.
 
 (U. States
 
 v.
 
 Carey,
 
 6
 
 How.
 
 113.)
 

 The appellee has had no benefit of the appeal, no notice, actual or constructive, of its existence, nor any opportunity of being heard in relation to it. Without a violation of first principles, he cannot be concluded by the judgment.
 

 There is still less reason for upholding it against the defendant in this cause, who is merely a surety. He was discharged by the failure of the appellant to procure an allowance of the appeal according to the statute. In all matters occurring in the orderly conduct of the suit, after a lawful appeal as to which the common pleas could afford relief, the surety wmuld be .bound undoubtedly, by‘the stipulations and acts of his principal. But beyond this, and in relation to facts necessary to confer jurisdiction, the principal had no authority to bind him; for this would be to extend his undertaking, beyond “ the act in such case provided,” to which it was limited by the terms of his ob
 
 *469
 
 ligation. It is unnecessary to decide this question, as it is clear that the principal himself is not concluded by the judgment.
 

 The judgment of the common pleas and supreme court should be affirmed.
 

 Judgment affirmed.