## CHARLES A. FARNAM *v.* CHARLES C. DAVIS *& als.*

The want of two sureties on a recognizance entered into upon an appeal from the judgment of a justice of the peace, in a civil cause, is merely an irregularity in the proceedings, and not a jurisdictional exception.

The provision of the statute requiring sureties on such recognizance, is for the benefit of the appellee, and may be waived by him.

The objection may be considered as waived if the appellee appear at the term of the court of common pleas at which the appeal is entered, and the cause be continued without a motion to dismiss.

The plaintiff proposed to the defendants, they being selectmen of the town, to purchase a house owned by the town, with the intention to repair and occupy it as his dwelling-house. The defendants, without authority from the town, verbally agreed to sell the house to the plaintiff at a stipulated price, and thereupon the plaintiff took possession of the house and proceeded to make repairs. While the plaintiff was engaged in making the repairs, one of the defendants addressed to him a letter, advising him "to proceed no farther;" and thereupon the plaintiff suspended the work and removed from the house. The town shortly afterwards appointed an agent to make sale of the house, who notified the plaintiff that he could have it upon the terms agreed on by the selectmen ; but the plaintiff declined to take it, saying he had changed his plans, and had procured another tenement. The house was then sold to another party for a larger price than that stipulated by the defendants, and the amount was paid into the town treasury.—*Held,* that there was no implied promise by the selectmen to pay for the repairs made by the plaintiff, or to account for the sum received for the house beyond the stipulated price, and that no action could be maintained by the plaintiff against them on account thereof.

THIS is an appeal taken by the defendants from the judgment of a justice of the peace, and entered and the copies duly filed at the October term, 1853, of the late Court of Common Pleas, at which term the plaintiff entered his appearance as appellee, and the cause was continued.

At the March term, 1854, the plaintiff moved to dismiss the appeal, because there was but one surety to the recognizance entered into before the magistrate on taking the appeal ; and the motion was denied by the court. The cause was again continued, and at the March term, 1855, the motion being renewed, was again denied by the court, and the cause was tried by the jury, and a verdict taken, by consent, for the plaintiff, subject to the opinion of the Superior Court.

Farnam *v.* Davis.

The action was assumpsit, for money had and received, and upon an account annexed to the writ, being for lumber found and work done on the Thomas Burnham house (so called) in March, 1852.

It appeared in evidence upon the trial, that the house was owned by the town of Hopkinton ; that about the 20th of March, 1852, the defendants being selectmen of the town, had a meeting, at which the plaintiff was present; that the plaintiff said he wanted to buy the house, in order to repair it immediately and move into it, and that the defendants agreed with the plaintiff that he should have it for what it cost the town. During the conversation something was said as to the manner of payment for the house, but nothing was said as to the conveyance, or when or how it was to be made, and no writings were made, nor was there any vote of the town authorizing the defendants to sell it. Between the 23d and 26th of March the plaintiff took possession of the house, and made repairs, as specified in the account annexed to the writ. On the afternoon of the 26th, while the plaintiff was employed in making the repairs, a letter was received by him from one of the defendants, as selectman, advising him " not to proceed any farther," on account of which the plaintiff stopped the work of repairing the house, and soon after the 26th fitted up another house and moved into it. At a town meeting duly held on the 15th of May, 1852, pursuant to an article in the warrant, one Merrill was appointed agent of the town, to sell and convey the house, and soon after his appointment Merrill told the plaintiff he could have the house upon the terms agreed on by the selectmen ; to which the plaintiff replied that he had " changed his plan, — that he had fitted up a tenement elsewhere, and did not wish it." Merrill then sold the house to another party for the sum of fifty dollars more than it had cost the town, and the price was paid into the town treasury.

*Morrison, Stanley* and *Fitch,* for the plaintiff.

1. The Court of Common Pleas had no jurisdiction of the case, and should therefore have dismissed the appeal. The statute requiring sureties is peremptory, and before the Court

of Common Pleas can take cognizance of an appeal, all the statute requirements must be strictly complied with. There can be no doubt of the meaning of the statute, as the old law required " a surety or sureties," and the present requires " sureties." Comp. Stat. chap. 185, § 7 ; Compilation of Laws, 1830, p. 66, § 2.

2. It being a question of jurisdiction, the objection was not and could not be waived by any neglect of the appellee. A motion to dismiss for want of jurisdiction is never out of time. *Stoughton* v. *Mott*, 13 Vt. 175.

Want of jurisdiction of the parties and of the subject matter cannot be waived. 7 Mass. 353 ; 21 Pick. 535 ; 23 Pick. 10. When it appears upon the record that the court has no jurisdiction, nothing which the parties may do or omit to do can give it. 21 Pick. 537.

The appearance of counsel does not preclude a motion to dismiss for want of jurisdiction. *U. S.* v. *Yates*, 6 Howard U. S. 105. The failure of a party to appear and object to the jurisdiction, is not a waiver of the objection. 18 Ala. 694. Want of jurisdiction of the parties cannot be waived, even by omitting to appear and suffering default. 4 McLean 233. This doctrine has been repeatedly held by the courts of this State. In *Pierce* v. *Sanborn,* Rockingham county, not reported, and in *Mitchell* v. *Concord Railroad,* Hillsborough county, 1849, not reported, the court said the appeal must be dismissed, though the motion was not made until the fourth term after its entry. Under the Revised Statutes the courts of this State have always held that the provision for " sureties" was an essential requisite in order to complete an appeal, and that the appeal should be dismissed at any time for want of such " sureties."

3. Can the action be maintained on the facts in the case ?

Our position is that the defendants undertook to act in their official capacity in a matter wherein they had no authority, and that thereby they have made themselves personally liable to the plaintiff.

When the agents of the government act without authority,

they are held personally liable. *Underhill* v. *Gibson,* 2 N. H. 356. Whenever a party undertakes to do any act as the agent of another, if he does not possess authority from the principal therefor, or if he exceeds the authority delegated to him, he will be personally responsible to the person with whom he is dealing for or on account of his principal. Story on Agency 314, and cases cited ; Chitty on Pleading 34, and cases cited. If an agent exceeds his authority he thereby binds himself personally, but his principal is not bound. 1 Watts & Serg. 222.

The plaintiff also contends that the action can be sustained under the count for money had and received. Chitty on Contracts 487, 490 ; Anon., 1 Strange 407 ; *Gillett* v. *Maynard,* 5. Johns. 85 ; 13 Mass. 139 ; 15 Mass. 319 ; 1 Selwyn N. P. 330, 333, 345 ; 2 Greenleaf's Ev. 113.

*W. H. Bartlett,* for the defendants.

I. The court properly refused to dismiss the appeal.

1. There was no fatal and incurable defect, that ousted their jurisdiction. The subject matter, the parties and proceedings, were within the general jurisdiction of the court. If they had no jurisdiction, it was only for want of *proper proceedings* to bring the matter before them.

The defendant is entitled to a jury trial, which can only be had in the Court of Common Pleas, but the action could not be commenced there. Comp. Stat. 36, § 77 ; 436 § 21 ; 421, § 1. So far as the Court of Common Pleas are concerned, the proceedings before the justice are merely preliminary, to bring the matter before them, like process in other cases. *Van Dusen* v. *Hayward,* 19 Wend. 70 ; *Seymour* v. *Judd,* 2 Comst. 467. Such preliminaries, though so far essential that the court *cannot* dispense with them, may be waived by the party interested. *State* v. *Richmond,* 6 Foster 242 ; *Carpenter* v. *Aldrich,* 3 Met. 59 ; *Ripley* v. *Warren,* 2 Pick. 592.

The want of two sureties is a mere *irregularity,* which renders the proceedings *voidable,* and not a fatal defect, making them void. *People* v. *Erie,* 6 Wend. 549 ; *People* v. *Rensselaer,* 11 Wend.

174. And to avoid them, the objection must be taken seasonably. *State* v. *Richmond*, 6 Foster 243.

The appeal exists; the defect is, that it was irregularly granted. It differs from the case where no appeal lies. *Robinson* v. *Shouds*, 1 Ashm. 168. The statute does not provide that such appeals shall be void, but directs the justice as to granting them. *People* v. *Erie; People* v. *Rensselaer*. The provision being solely for the benefit of the appellee, may be waived by him before the justice or after. *Flint* v. *Clinton Co.*, 12 N. H. 437; *Lee* v. *Tillotson*, 24 Wend. 337; *Wilson* v. *Dean*, 5 Eng. 308. It is to be presumed that the justice acted lawfully, and that the appellee waived his right. *Dunlow* v. *Moore*, 2 Day 12; *Moxam* v. *Wood*, 4 Blackf. 297. No objection was taken before him, where the defect could have been remedied. *State* v. *Raymond*, 7 Foster 403; *Foss* v. *Strafford*, 5 ditto 80; *Gallup* v. *Mulvah*, 6 ditto 137; Petition of Gilford, 5 ditto 124; *Stevens* v. *Goffstown*, 1 ditto 455; *Goodwin* v. *Milton*, 5 ditto 458.

If the process be allowed only on condition, the condition being solely for the benefit of the appellee, may be waived by him. *Symonds* v. *Parker*, 1 Met. 510; Mass. R. S. 667, § 19–21, (*Malone* v. *Clark*, 2 Hill 658.)

A waiver is not on the ground that the statute need not be obeyed, but that the party has precluded himself from taking the objection. If, then, the defect could be cured by waiver, it was competent for the court to find a waiver on the facts. *State* v. *Richmond*, 6 Foster 242; *Campbell* v. *Wilson*, 1 Texas 379; *Thayers* v. *Doe*, 8 Blackf. 58; *Toler* v. *Ayers*, 1 Texas 398; *Alford* v. *Colson*, 8 Ala. 550; *Hughs* v. *Miller*, 2 Greenl. 9, 12; *Shank* v. *Worfull*, 14 S. & R. 205.

2. The Court of Common Pleas have jurisdiction of appeals. C. S. 436, § 23. If there was an appeal, the court had jurisdiction. Having full powers to inquire into the *facts* essential to their jurisdiction, and having passed on a question of fact on competent evidence, this court will not review their decision. *Bowman* v. *Sanborn*, 5 Foster 105.

They could ascertain the existence of an appeal by inquiry into the steps taken, or might take the appellee's admissions, which would supersede that necessity. Hackett's Appeal 13 S. & R. 48 ; *Lentilhome* v. *New-York*, 3 Sandf. S. C. 721.

The intendments being in favor of the decision, it must be taken to have found such admissions, as competent evidence tended to show it.

3. This ruling is well sustained by authority. *Hanson* v. *Hoit*, 14 N. H. 56 ; *Seymour* v. *Judd*, 2 Comst. 467 ; *Lentilhome* v. *New-York*, 3 Sandf. S. C. 721; *Lyme* v. *Johnson*, 3 Call 522 ; *Arrington* v. *Smith*, 4 Ire. 59 ; *Battu* v. *Wolf*, 23 Miss. 318 ; *Wallace* v. *Corbitt*, 4 Ire. 45 ; *Howard* v. *Union Bank*, 7 Humph. 26 ; *Greenvalt* v. *Shannon*, 8 Barr 463 ; *McCall* v. *Lesher*, 2 Gilm. 46 ; *Slack* v. *King*, 3 Barr 211.

II. The plaintiff's evidence does not support his declaration, or show any case entitling him to recover.

1. Here was no contract of the defendants. They did not request the labor done, or promise to pay for it. It was done by the plaintiff for himself, and the defendants have derived no benefit from it. 1 Chitt. Pl. 99 ; *Medlin* v. *Brooks*, 7 Miss. 106 ; *Force* v. *Haines*, 2 Harr. 385.

2. Defendants acted as public agents for the town, and no credit was given them personally. Story on Agency, § 302; *Woods* v. *Dennet*, 9 N. H. 59 ; *Brown* v. *Runlett*, 15 N. H. 366. It does not appear that defendants exceeded their authority, and the principal offered to fulfill the agreement.

3. They spoke only the language of the principal, and made no bargain to bind themselves. *Woods* v. *Dennet*, 9 N. H. 58 ; *Moor* v. *Wilson*, 6 Foster 332 ; *Johnson* v. *Smith*, 21 Coms. 627.

4. To allow the plaintiff to recover, would be to suffer him to recover damages for breach of contract, void by the statute of frauds. *Gillett* v. *Maynard*, 5 Johns. 85 ; *Roach* v. *Wade*, 4 Monr. 523 ; *Shreve* v. *Grimes*, 4 Litt. 224 ; *Moore* v. *Ross*, 11 N. H. 555 ; *Gangroer* v. *Fry*, 17 Penn. 491 ; *Matthews* v. *Davis*, 6 Humph. 324. Nor is it saved by past performance, for plaintiff abandoned possession and declined to fulfill the contract. *Ayers* v. *Hawks*, 11 N. H. 154.

5. Plaintiff cannot recover under this declaration. It does not state the true consideration. *Moor* v. *Ross*, 7 N. H. 533.

If plaintiff have any remedy here, it is in assumpsit, for breach of contract to convey, or in case, and not in this form of action.

SAWYER, J. By § 2 of the act of December 31, 1828, — Compiled Laws of 1830, 66, — which act was in force at the revision of the statutes in 1843, it was provided that no appeal from the judgment of a justice of the peace in any civil suit should be granted, " unless the party appealing should enter into recognizance to the adverse party, *with sufficient surety or sureties*, in such sum as the justice might direct, not exceeding twenty dollars, conditioned that the appellant should pay to the appellee all such costs as the appellee might recover against him in such suit." By the Revised Statutes this act was repealed, and in place of this provision the following was substituted : " No appeal from the judgment of a justice of the peace shall be granted, unless the party appealing shall enter into recognizance to the adverse party, with sufficient sureties, in the sum of twenty dollars, to pay the costs which may be recovered against him." Rev. Stat., chap. 175, § 7.

The adoption of a more condensed or abridged form of expression in the revision of a statute is not of itself to be considered as indicating an intention on the part of the Legislature to introduce any change in its construction or effect. The change of phraseology in this case, from " sufficient surety or sureties," to " sufficient sureties," would seem to be a mere verbal alteration, designed to give the statute a more concise form, without altering its meaning, and especially so, when it is considered that the Legislature which enacted the change, at the same time also enacted, as a rule for the construction of statutes, that " every word importing either the singular or plural number may extend and be applied to one or more than one person or thing." Rev. Stat., chap 1, § 1. But the question whether by this change the Legislature intended to require that in all cases there should

be more than one surety, is not perhaps to be considered as an open question. In the case of *Sanborn* v. *Pierce*, decided at the July term, 1847, in Rockingham county, it was held that the statute was to be construed as requiring at least two sureties; and the appeal having in that case been granted, upon a recognizance with one surety only, was dismissed for that cause, and a similar decision was made in *Gilman* v. *Bartlett*, at the July term, 1848, in Hillsborough county.   In neither of these cases, however, was the question raised whether the irregularity, if it is to be considered as such, in granting the appeal upon a recognizance with but one surety, is one which can be waived by the appellee.   This question is now raised; and assuming that the want of two sureties is such irregularity, whatever views we might entertain upon that question, if it were now for the first time before the court, we proceed to consider the other questions presented by the case, whether the irregularity is one which the appellee may waive, and if so, whether it has been waived in this case.

The provision of the statute requiring sureties to the recognizance is wholly for the benefit of the appellee.   The recognizance is his security for costs, is taken in his name, and is entirely subject to his control.   He may release and discharge it, at his pleasure; and there certainly can be no good reason why he may not waive it, unless it be that without it the court to which the appeal is taken does not obtain jurisdiction of the cause.   If there be such want of jurisdiction, it is only on the ground that the requisite proceedings have not been instituted to bring the case before the court.   That the jurisdiction of courts may be thus limited by particular modes prescribed for commencing or instituting the proceedings, is well settled.   Such are the cases of laying out highways, which must be on petition. *Pritchard* v. *Atkinson*, 3 N. H. 335; *Wiggin* v. *Exeter*, 13 N. H. 304; and proceedings in bankruptcy in the District Courts of the United States; *Morse* v. *Presby*, 5 Foster 299. Cases of this character, in which the jurisdiction is restricted by particular modes of proceeding, are ordinarily those arising in

inferior courts of special and limited jurisdiction; or, if in courts of general jurisdiction, are such as fall under the exercise of some special and summary powers conferred upon them by statute, and not belonging to them as courts of general jurisdiction. And in all such cases the jurisdiction, both as to the subject matter and the parties, must be shown from the record, as everything is presumed to be without the jurisdiction which does not distinctly appear to be within it. *King* v. *Liverpool*, 4 Burrows 2244 ; 2 Lord Raymond 836 ; Id. 1310 ; *Morse* v. *Presby*, *ubi sup.*, and cases cited. Our Court of Common Pleas, to which the appeal was taken in this case, is not an inferior court in the technical sense of that term, but a court of general jurisdiction, and its proceedings upon the appeal are according to the course of the common law. The cause is within its general jurisdiction, irrespective of the particular process by which it may be brought under its cognizance ; and it would be quite difficult to suggest any well grounded distinction in this particular as a ground for limiting the jurisdiction by the process in one case and not in the other, between the nature of the process employed by way of appeal, and that used in the case of exercising original jurisdiction by a common law writ of summons, or attachment. Both are merely processes to bring the cause under the cognizance of the court, it being within its general jurisdiction before process is instituted.

We are aware that in New-York at an early period a different doctrine was held in relation to similar appeals from the judgments of justices of the peace to their court of common pleas. 4 Cowen 80 ; Id. 540 ; 6 Cowen 592 ; 7 Cowen 423 ; Id. 468 ; 9 Cowen 227. In these cases it was held that the appeal-bond, given in place of the recognizance under our practice, as security to the appellee, must conform strictly to the requirements of the statute, and without such conformity the appellate court had no jurisdiction of the cause. But the correctness of this doctrine has been questioned in later times in courts of that State. In *Van Dusen* v. *Hayward*, 17 Wend. 67, cited by the counsel for the defendant, *Bronson*, J., in delivering the

opinion of the court, says: " This court has often had occasion to consider the sufficiency of appeal-bonds, and it has generally been said that the appellant must comply strictly with the requirements of the statute, or he can derive no benefit from the appeal. The case, *Latham* v. *Edgerton,* 9 Cowen 227, is a very strong one against the jurisdiction of the common pleas on appeal, under any possible circumstances, where the bond is not such as the appellee has the right to require. If the question were an open one, I should be strongly disposed to consider the notice and appeal-bond in the nature of process to bring the matter before the common pleas; and if the appellee voluntarily appeared and proceeded to judgment, he might then be regarded as having waived any objection to the sufficiency of the bond."

Of the soundness of this view we entertain no doubt, and it derives strong confirmation from the fact that there is no middle ground between this and the extreme view taken by the court in *Latham* v. *Edgerton,* and which necessarily results from holding the irregularity to be one going to the jurisdiction, viz., that the appellee, on that view, has the right to lie by until judgment, taking his chance of a decision in his favor; and if in this he should be disappointed, then to interpose the objection that the proceedings are void for want of jurisdiction. The unequal position in which the parties are placed by this construction, partakes too much of the character of unfairness towards the appellant to entitle it to favorable consideration. The irregularity, then, is one which may be waived by the appellee; and we think he is to be considered as having waived it, when, having had reasonable opportunity to avail himself of the objection by a motion to dismiss the appeal for that cause, he neglects to do so. The requirements of the statute for his benefit can be dispensed with only by his consent; but it cannot be considered unreasonable to him, and it certainly is but just to the appellant, to hold that that consent is to be understood as given when he enters his appearance at the appellate court, and suffers a continuance of the cause, without a suggestion that his rights have been disregarded in the mode of taking the appeal. *Foss* v. *Strafford,* 5

---

---

Foster 78 ; *Hanson* v. *Hoitt,* 14 N. H. 56 ; *Simonds* v. *Parker,* 1 Met. 508 ; *Wolcott* v. *Mead,* 12 Met. 516 ; *Smith* v. *Robinson,* 13 Met. 165 ; *Jaques* v. *Saunderson,* 8 Cush. 271.

The next question for consideration is, whether, upon the facts proved, the action can be maintained. The repairs which are the subject of the suit under one of the counts were not made for the defendants, nor upon their account, nor for their benefit. There is no pretence of an express promise to pay for them, and we can perceive no ground upon which the law will imply such promise. They were made by the plaintiff, under the expectation founded on the agreement of the defendants, acting in behalf of the town, for the sale of the house ; that they would enure to his benefit as the future owner of the house ; and if he has not derived from them the benefit expected, it is not because of the want of authority in the defendants to make the agreement in behalf of the town, but because, having " changed his plans," he preferred to relinquish all the advantage which a fulfillment of the agreement would have secured, and therefore refused on his part to fulfill it.

It is equally clear that the plaintiff has no claim against these defendants for the money, or any portion of it received by the town upon the sale of the house, both because, if the money belonged to the plaintiff, it never came into the hands of the defendants ; and because, if it were in their hands, it is money to which he has no right in law or equity.

According to the provisions of the case, the verdict must be set aside, and judgment rendered for the defendants for their costs.