Robertson, Ch. J.
The interest of the defendant Burrowand his wife in certain real estate, was converted into personalty by a judicial sale in this action in May, 1853. The proceeds remained in the hands of the referee by whom the sale was made, until March, 1856, when it was paid into court, subject to a mortgage alleged to have been since satisfied, and subject to the inchoate right of dower therein of Mrs. Burrowes ; no notice of this proceeding was given to the mortgagee. In September, 1854, a judgment is alleged to have been recovered against Burrowes, by J. R. Brandon and another, for over $1700, upon a promisory note, whereof the petitioner, (Fox,) was maker, and Burrows indorser; which it is alleged, has been assigned by the plaintiffs therein to the petitioner. In January, 1855, as is alleged, Burrowes executed an assignment of all his property to Judge Hilton, who accepted the same. In October, 1861, the petitioner commenced an action against Burrowes, and recovered judgment against him, on which execution was issued. In such action an attachment was issued against Burrowes, and notice thereof given by the sheriff, to the city chamberlain.
An entry was made by the referee, in his minutes in this matter, that Judge Hilton after appearing by counsel, (M. Campbell,) stated that if the claim of the petitioner was made upon the Brandon judgment of September, 1854, he did not oppose the application. But in the cross-examination of him, as a witness before such referee, he testified only that “ judg *210 meats were upon Ms (Burrowes’) real estate. ® * I have and make no claim upon the money, as against the holders of such prior judgments.” If the referee’s entry is intended to be a minute of the declaration contained in such testimony, it is incorrect; as the assignee only relinquishes in favor of liens on the real estate of the assignor. The real estate of which the money in court is the proceeds, had been converted in 1853, into personal estate; the judgment was recovered in 1854; and the assignment, was executed in 1855. The fact that such conversion was effected by a judicial sale or in invitum could not retain the character of realty for the proceeds. As regarded Mrs. Burrowes alone, not being sui juris, her interest of course remained re.al estate. But I know of no principle by virtue of which the interrest of Burrowes can be held to remain real estate, so as to be subject to the lien of a judgment. Another grave question arises on the Brandon judgment, as to which Burrowes is entitled to be heard, which is, whether it has not been paid and satisfied. The action in which such judgment was recovered, was brought against the petitioner and Burrowes jointly on a promisory note, of which the former was maker, and the latter indorser, and not' on a debt due by the latter. Fox paid the judgment against himself, and took an assignment of that against the indorser, As all the incidents of the relation of principal and surety do not necessarily attach to a contract drawn in such form, (Howard Banking Co. v. Welchman, 6 Bosw. 280,) a question may arise as to whether the maker of an accommodation note is necessarily entitled to be subrogated to the rights of a creditor under a judgment against the indorser, upon such a contract, The court, as the custodian of the fund, ought not to part with it, unless some one appeared on behalf of Burrows to discuss such question or waive the right.
The only other claim which I can perceive the petitioner can make to this fund, is under the attachment, as the sheriff may have a right to apply to the. court to have the fund paid to him. A sheriff is authorized, (Code, § 232,) on an attachment, to “ collect and receive into his possession all debts, *211 credits, and effects of the defendants,” and “ take such legal proceedings either in his own name, or in the name of such defendant, as may be necessary for that purpose.” This undoubtedly was the only ground of the original order of reference since the Brandon judgment was not mentioned in it. In such case, however, the sheriff should have been a party to the petition. Nothing appears in the papers to determine for what the action was brought, in which the attachment was issued; whether on the Brandon judgment or not. At all events the Hilton assignment must stand in the way of a claim under such attachment. Ought such a mere entry in a referee’s minutes of a personal declaration by a trustee, although represented by counsel, that he does not oppose a claim to deprive him of his right when hy the whole evidence they appear to be superior; particularly when he afterwards in his testimony, stated that he only relinquished in favor of claims that are liens on the fund in controversy as real estate ? The order of reference to the referee, did not confer on him jurisdic*tion to accept any waiver of rights. He was confined by it to reporting upon those judgments only which were liens upon the fund in court; and he has not found that the Brandon judgment was so; nor does he report whether there is or not any trustee or assignee of Burrowes 'who had an interest in the fund, as he was required to do. He does not profess to decide by his report, that the assignee examined before him had no claim, or had relinquished it. It would, therefore, be improper to part with such fund without some formal stipulation, waiver or release, binding on such assignee, to be put on the record.
Unless the petitioner’s claim can be sustained under the attachment, and the assignee waives his priority, this court would not be justified in ordering the interest of Burrowes in the money to be paid over, without notice to him in some way recognized by law, or his appearance. If this be a proceeding in rem merely, his interest cannot be taken away without giving him an opportunity of being heard. The clearest evidence, if exparte, would not authorize such a proceeding, and as the *212 money if paid out wrongfully, could scarcely be recovered back by an action against any one, the party to whom it primarily belonged should be allowed to be heard. An attorney of this court (Mr. Martin) appeared for Burrowes and wife before the referee, was heard on their behalf before this court at special term, upon the report, having previously filed exceptions to it. as such attorney, limiting however his appearance as being to object to the irregularity of the proceedings, which he claims to be want of notice to Burrowes and his wife. Unless there was some apprehension of remissness on the part of the court in its duty, there was not much necessity of appearing for that purpose; a mere notice to the court as amicus curia would have been sufficient. In the original petition, the only claim made was on the attachment; nothing was said as to the Brandon judgment. The report of - the referee, giving his opinion as to its validity and the right of the petitioner under it, or at all, was extrajudicial. He was merely directed to report the proceedings and testimony taken before him and facts found by him. The court, without an oversight, would never order the fund in question to be paid out, on a report, which not only wholly ignored the original ground, on which the petitioner made the application, and which rendered notice to Burrowes, or his appearance, unnecessary, but decided the petitioner to be entitled to the fund by virtue of a different right, of which the court had never previously heard any thing, and upon which Burrowes was entitled to be heard.
If any notice to Burrowes, under the original petition, was necessary, I apprehend the appearance for him was complete, and the limitation of the purposes of such appearance was void for incompatibility. A notice of appearance may be limited to a particular object, such as setting proceedings aside for irregularity, and the like, (Malcolm v. Rogers, 1 Cowen, 1; Seymour v. Judd, 2 N. Y. Rep. 464 ;) because the party is supposed to come into court only for a particular purpose, and when that is accomplished, to quit it. If there had been any thing in the order of reference in this case irregular by disposing of the rights of Burrowes without notice to him, where he *213 was entitled to it, the attorney, who should give notice of a motion to set aside "such order by limiting his action as such to the motion, would be entitled to withdraw after the motion was disposed of. But one who appears permanently to oppose every movement of the moving party in court, or before its officers, however much he may restrict himself in his objections, 'still appears generally and thereby defeats the very objection to which he has restricted himself. He must have authority from his client to appear in that proceeding, and that presupposes notice of the proceeding. His limitation of himself cannot deprive his adversary of any rights ; he is entitled to insist that an appearance for one purpose is so for all. In this case, however, only the petitioner’s rights, under the attachment were involved; the claim under the Brandon judgment was not in controversy ; in any proceeding to get the fund by virtue of that, Burrowes would be entitled to notice. But the petitioner can only present his claim on that by a new petition.
Possibly the petitioner may be entitled to this fund under his attachment, provided the claim of the assignee is out of the way ; but the sheriff must join in the petition, which he may do by amendment. If, therefore,- the petitioner can within a reasonable time procure and file a release of all claims of such assignee on such fund, to him, duly proved or acknowledged, or his stipulation that the fund in question be paid to him, to be annexed to the amended petition and referred to therein, such petition may be referred back to the referee to take proof of the facts therein stated and of any other prior claims to or liens upon such fund, with power to advertise as in actions of partition, for such other claims or liens, otherwise the order appealed from should be affirmed.
It is a matter of some doubt, whether the order, if it had merely required notice to be given to Burrowes and wife, would have been appealable, as it did not affect a substantial right. (Code, § 349.) It is difficult to perceive why a creditor’s action, if it can be sustained, should be so expensive as to consume over eight hundred dollars, which is the amount of the *214 fund after deducting the interest of Mrs. Burrowes, who was not entitled to • any of the income. I see no other remedy, however, if the petitioner is unable to obtain the consent of the assignee.
The order must be .modified, as before stated, without costs to any of the parties appearing.
McCttnn, J. dissented.