JOHN G. KUNTZ, APPELLANT, *v.* FREDERICK LICHT, RESPONDENT.

*Appeal to County Court—when security on, jurisdictional— Code, §§ 352–355— chap. 392 of 1863 — appealable order.*

On appeal from a Justice's Court, before the act of 1863 (chap. 392,) security was only required when a stay of execution was desired; since that act, where, by the terms of section 352, the appellant is entitled to a new trial, security is required to perfect such appeal, and give jurisdiction thereon to the County Court.

A refusal to dismiss such appeal when security has not been filed affects a substantial right, and the order refusing it is appealable.

*Seymour* v. *Judd* (2 N. Y., 464) followed.

APPEAL from an order of the County Court of Queens county, refusing to dismiss an appeal thereto from a Justice's Court.

The action was tried in a Justice's Court of Newtown, Queens county, on the 22d of October, 1875, and judgment rendered in favor of the plaintiff for the sum of fifty-two dollars and sixty-two cents damages, and four dollars costs.

The defendant thereupon served a notice of appeal for a new trial in the County Court, as a matter of right, the plaintiff having claimed

more than fifty dollars in his complaint. The defendant did not, at the time he served his notice of appeal, nor at any subsequent time, give an undertaking on appeal, as is required in the case of a new trial by the Code (§ 355).

The plaintiff presented the affidavit of WILLIAM E. SLOCUM, Esq., the justice before whom the cause was tried, and the certificate of the county clerk, proving that no undertaking had been served or filed, and moved to dismiss the appeal. The motion was heard before Hon. JOHN J. ARMSTRONG, county judge of Queens county, on the 1st day of February, 1876, and was denied, with costs, and an order entered to that effect, from which order the plaintiff appealed to the General Term.

*John E. Van Nostrand*, for the appellant.

*D. L. Norton*, for the respondent.

BARNARD, P. J.:

The question presented arises under section 355 of the Code, which reads as follows :

" When, by the terms of section 352, the appellant is entitled to a new trial in the appellate court, he shall, at the time of taking his appeal, and in all other cases, if he desires a stay of execution of the judgment, give security, as provided in the next section."

The judgment exceeded fifty dollars exclusive of costs, and by the terms of section 352 a new trial resulted, as matter of right, in the appellate court. I think the county judge erred in his construction of the section in question. The clause giving a new trial in cases where the pleadings demanded a judgment upon a claim of over fifty dollars was passed in 1863.

The statute in reference to security upon appeals from Justices' Courts before that required such security only in case a stay of execution was desired.

When the legislature passed the provision giving a new trial upon appeals where the amount demanded was over fifty dollars, there was added the provision that on such appeals " and in all other cases if he desires a stay of execution," the appellant should give security.

. If there was to be no security given upon such appeals there was no necessity for the added clause. The old requirement as to security was sufficient. No security was needed except when a stay of execution was desired.

The order is appealable. If security was required to perfect the appeal the County Court obtained no jurisdiction without it. The refusal to dismiss the appeal affected a substantial right and the order refusing it is appealable. (*Seymour* v. *Judd*, 2 N. Y., 464.)

Order reversed with costs and appeal dismissed, with costs.

GILBERT, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order of County Court reversed, with ten dollars costs and disbursements, and motion granted to dismiss the appeal.