NATHAN CLEAVES, judge of probate, vs. KATE H. DOCKRAY,
executrix, et als.

Cumberland.      Decided July 18, 1877.

*Executors and Administrators.*

The executrix, a residuary legatee, instead of the bond required by the statute
in such case, gave the bond required of an ordinary executor, containing
conditions not required by the statute of an executor, who is also a residuary
legatee and omitting an important condition required in such case. It
imposed burdens upon the executrix more onerous than the statute enjoins,
and if the additional matter was rejected as surplusage, there was not
enough left to meet the requirements of the statute.

*Held*, 1. That it could not therefore be enforced as a statute bond.

2. That it might be sustained as a bond at common law, so as to give
legal effect to the appointment of the executrix, and to afford security for all
interested in the estate.

3. That, as such, it could only be enforced according to the rules of the
common law; that the obligors were not subject to the penal provisions of
the statutes, and were liable only for the actual damages resulting from a
breach of the conditions of the bond.

4. That the action could not be maintained in the name of the present
plaintiff, as the bond was given to his predecessor in office; that the statute
authorizing the successor of a judge of probate, to whom the bond is given,
to maintain an action in his own name, applies exclusively to bonds given
in conformity with the statute.

ON AGREED STATEMENT.

DEBT ON BOND, originally brought in the name of John A.
Waterman, judge of probate for Cumberland county, and prose-
cuted in the name of his successor in office, whose name was
brought in by amendment.

The case was submitted to the law court upon the following
agreed statement, to render such judgment as the law and facts
require:

James R. Dockray died October 4, 1868, leaving a will in four
items, which gave four children one dollar each, and then stated;
"My reasons for giving the above small amount to my children are
that they wrongfully and fraudulently obtained from me my prop-
erty situated on the corner of Fore and India street, in Portland.
Fifth, I hereby give to my wife, Kate H. Dockray, all of my prop-

erty, both real and personal, of every name and nature that I die possessed of. Sixth, I hereby appoint my wife, Kate H. Dockray, sole executrix of this my will." This will was admitted to probate. On appeal taken, the decree of the judge of probate was affirmed by the supreme court.

Pending the appeal, the defendant, Kate H. Dockray, was appointed executrix and gave the bond in suit, following the form prescribed in R. S., c. 64, § 9, of the present revision, for ordinary executors instead of the form in § 10, in case of an executor who is a residuary legatee, as this defendant was in effect though not in terms. No other bond was given. Letters testamentary were issued December 15, 1868, and she seasonably returned an inventory of the estate. A suit was commenced against her as executrix by Ammi R. Mitchell, September 24, 1870, on which judgment as against an insolvent estate for $5,537.77 debt and $141.85 costs was recovered at the April term, A. D. 1874. The estate was represented insolvent November 4, A. D. 1873, and commissioners of insolvency were appointed. This commission was returned and extended, which extended commission expired January 1, 1875, and was duly returned, one claim for $391.58, having been proved and allowed under it. The commission was accepted and ordered to be filed and recorded, the first Tuesday of June, A. D. 1875. Mitchell's claim under his judgment, was duly filed in the probate court, and ordered to be added to list of debts. On May 5, 1875, no account having ever been settled, it was ordered by the probate court that said Kate H. Dockray should be cited to appear before the probate court on the third Tuesday of the same month, to show cause why she should not be cited to settle her account.

Personal service was duly made, and on the third Tuesday of May, there being no appearance on the part of said Kate, it was ordered that she render her account on oath, into said court, on or before the first Tuesday of June, 1875. Due service was made of this order; and on the said first Tuesday of June, the said Kate not appearing nor complying with the same, it was ordered that the petition and order of court thereon be recorded and filed.

On the third Tuesday of June, 1875, Mitchell filed his petition

in the probate court, setting out that said Kate H. Dockray had been duly cited to render an account and settle the said estate according to law, but had neglected and refused to do so, and had mismanaged the estate, and praying that she be removed from said trust and that he might be authorized to bring an action upon the bond in the name of the judge of probate. A hearing was ordered on this petition on the first Tuesday of July; and on the third Tuesday of July, said Kate having appeared and been heard, it was decreed that the facts alleged having been fully proved, said Kate should be removed from her trust, and that Mitchell be authorized to bring this action, copies of all which proceedings are annexed and made parts of this statement. Mrs. Dockray appealed from this decision of the judge, and the appeal was entered at the October term, 1875, of the supreme court, and dismissed at the same term.

A petition that Lewis Pierce be appointed administrator *de bonis non cum testamento annexo* was filed the first Tuesday of November, A. D. 1875, was opposed by Mrs. Dockray and he was appointed the first Tuesday of March, A. D. 1876, until which time, after the removal of Mrs. Dockray, the office was vacant.

The amount of the estate realized by Mrs. Dockray is $8,318.22 ; she has paid out for charges and expenses of administration $1,029.26, as appears by an account filed by her and her sureties in the probate court on the first Tuesday of April, 1876.

There has been no order of distribution among the creditors of said estate, nor from the time of the removal of Mrs. Dockray to the time of commencing this suit was there any new administrator appointed, nor has there been any decree directing her to pay or turn over the whole or any part of said estate to any person.

The plea was *non est factum* with a brief statement. 1st. That said Waterman's term of office has expired, and Hon. Nathan Cleaves is his successor as such judge, and that this suit cannot be maintained in the name of said Cleaves, as the bond in suit is a common law bond and not a statute bond. 2nd & 3d. That it is not a statute bond, because said Dockray was residuary legatee, was so constituted and appointed by the will, and the bond is not in conformity with the statute in such case provided ; that therefore

the defendants claim that damages, if any are to be assessed by the court according to what is justly due, not exceeding the penalty of the bond. 4th. That no person has been appointed to whom she could pay or turn over the estate. The specifications closed with a general statement of performance and no damage.

*J. D. Fessenden,* for the plaintiff.

The bond is a statute bond.

The trust was committed to the executrix under R. S., 1857, c. 64, § 31. (R. S., §.36.) It was the proper bond under the circumstances. The opinion of the judge of probate is entitled to weight on this point.

The provision of R. S., c. 72, § 5, regarding suits of this kind applies to any kind of probate bond, and is broad enough to cover this case.

Breach was sufficient to maintain this action. Damages are actual, not nominal. The case shows a large amount of property in the hands of the executrix, which she pertinaciously refuses to pay over to the creditors. Her account filed on compulsion after her removal from her office, leaves a large balance in her hands after deducting all the allowance that she claims. This suit is the creditors' only remedy to recover this. There is no claim that she has turned over this balance to her successor.

Damages are fixed by §§ 15 and 18 of c. 72. They are the amount of personal property realized, viz : $8,318.22. *Williams* v. *Esty,* 36 Maine, 243.

The fourth specification of special matter alleges that "no person has been appointed to whom she could pay or turn over the estate." The case finds that the writ was dated August 14th; that the order for her removal was made on the third Tuesday of July, 1875; that her appeal, (allowed so far as relates to her removal,) was entered and dismissed at the next October term; that in November following, a petition for the appointment of a new administrator was filed, and that he was appointed against her opposition in the November following, and that the office was not vacant when the suit was commenced, nor is it now.

But the right to maintain this suit does not depend upon the

removal of the delinquent or the appointment of a successor. The judgment is recovered in trust by the judge, and he can order the delinquent to charge herself with the amount if in office, or assign it to his successor to be collected and accounted for. R. S., c. 72, § 17. *Williams* v. *Esty, supra.*

*W. L. Putnam,* for the defendant, Milliken.

Had the bond in suit been the same as provided by law for residuary legatees, there would have been no liability to account, and consequently no breach of the bond for not accounting until "six months after the report on claims was made." We note that c. 64, § 53, provides that every executor shall render his account agreeably to the condition of his bond. In the case at bar, by mistake, the bond provided in R. S., c. 64, § 9, was given in lieu of the residuary legatee's bond. It would be inequitable to enforce the penalty provided by c. 72, § 15, when such penalty would not have accrued had the proper bond been given.

*J. T. McCobb,* for the defendant, Gerrish.

A bond is not a statute bond when not according to the provisions of the statute. *Lord* v. *Lancey,* 21 Maine, 468. If not a probate bond, the action cannot be maintained by the successor of the judge to whom it was payable. *Lord* v. *Lancey, supra.*

Bonds not conforming altogether to the statute are either to be enforced by rejecting as surplusage the erroneous portions, as in *Hall* v. *Cushing,* 9 Pick. 395, or must be declared invalid, as in *Purple* v. *Purple,* 5 Pick. 226. *Dicta* to the contrary must be disregarded. *State* v. *Hatch,* 59 Maine, 410. The bond in suit is in no respect according to the statute excepting in regard to filing an inventory. In that particular there was no breach.

DICKERSON, J. After making a nominal bequest to each of his children, the testator bequeathed "all of his property, both real and personal, of every name and nature, to his wife, Kate H. Dockray," the principal defendant in this suit, who thereby became the residuary legatee as well as the executrix under the will. In such case the statute requires that the bond of the executor should be given according to R. S. c. 64, § 10, which differs materially from that

required of an ordinary executor, as provided in the preceding section, under which the bond in suit was given.

A bond required by statute is not void, in all cases, as a statute bond, because it does not in all respects conform to the statute under which it is taken, as, for instance, when the bond contains all that the statute requires, and a further clause more favorable to the obligors than that the statute calls for ( *Van Deusen* v. *Hayward*, 17 Wend. 67, 70); or when the condition in the bond is not more prejudicial to the obligors than one with a condition, in due form, would have been (*Morse* v. *Hodsdon*, 5 Mass. 314, 316) ; or the additional matter may be rejected as surplusage (*Proprietors of Union Wharf* v. *Mussey*, 48 Maine, 307, 312) ; or the bond is so drawn as to include all the obligations imposed by the statute, and allow every defense given by law (*Commissioners* v. *Way*, 3 Ohio, 103) ; or where the bond is voluntarily given, and the portion of the condition in excess of that required by law is separable from that provided by the statutes. *United States* v. *Mynderse*, Int. R. Rec. 94, and *Postmaster General* v. *Early*, 12 Wheat. 136. In the absence of any statutory provision declaring a variance from the statute form fatal, such variance does not render the bond void when the condition does not impose upon the obligors a greater burden than the law allows. *Commonwealth* v. *Laub*, 1 Watts & S. (Pa.) 261. *Baldwin* v. *Standish* 7 Cush. 207, 209.

In the present case the bond is defective in its provisions and omissions. It contains conditions not required by the statute, of an executor who is, also, a residuary legatee, and omits an important condition which the statute enjoins in such cases. It imposes burdens upon the executrix more onerous than the statute provides, and if the additional matter is rejected as surplusage, there is not enough left to meet the requirements of the statute. The bond, therefore, cannot be enforced as a statute bond. There are numerous cases, however, where bonds purporting to be given as statute bonds, though invalid as such, have been held good at common law. Bonds given by poor debtors, and public officers, injunction and replevin bonds and bail bonds, are familiar instances of the application of this principle. *Ware* v. *Jackson*, 24 Maine, 166. *Lord* v. *Lancey*, 21 Maine, 468, 470. *Clap* v. *Cofran*, 7 Mass. 98, 100.

*Sweetser* v. *Hay*, 2 Gray, 49, 51. *Stephens* v. *Crawford*, 3 Ga. 499. *Williams* v. *Shelby*, 2 Oreg. 144.

In the case before us the bond was approved by the judge of probate in its present form, and ordered to be recorded in the probate office. No appeal was taken from the decree of the judge of probate, allowing and approving it, and the executrix upon filing it received her letters testamentary, and acted under them by returning an inventory of the estate. It contains ample condi- tions and provisions to protect the estate from all real loss, and we know of no principle of law that would be violated by upholding it. On the contrary we think that it may be held valid at common law upon principle and authority so as to give legal effect to the appointment of the executrix and the ulterior proceedings of the judge of probate, and to afford security to all interested in the estate. *Baldwin* v. *Standish, ante. · Pettingill* v. *Pettingill,* 60 Maine, 411. *Abercrombie* v. *Sheldon,* 8 Allen, 532.

As this is a bond at common law, it can only be enforced accord- ing to the rules of the common law. The obligors are not liable to the provisions of R. S. c. 72, § 15, or for any penalties, but only for the actual damages resulting from a breach of the bond ; and the judgment for the penalty in the bond will stand as security for other damages, if any, that may hereafter be proved. *Stephens* v. *Crawford, ante.*

But there is a fatal objection to maintaining this action in the name of the present plaintiff. There is no promise to him, and he has no interest in the contract. The promise · was made to his predecessor in office. A successor in office to a judge of probate can maintain a suit on a bond given to his predecessor, only when authorized by statute. The statute giving such authority applies only to bonds given in conformity to the statute. *Lord* v. *Lan- cey,* 21 Maine, 468, 470, and the cases cited are decisive of this question.                                          *Plaintiff nonsuit.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.