### In re MERRILL.

(*Supreme Court, General Term, Second Department.* February 12, 1890.)

SCHOOLS AND SCHOOL-DISTRICTS—EXPENSES OF TRUSTEES—APPEAL.
    The failure of a school officer, appealing to the county judge from the refusal of the district meeting to vote a tax to pay his expenses in an action instituted against

him, to serve notice of his appeal on the district clerk within 10 days after the adverse vote, as required by Rev. St. N. Y. (7th Ed.) p. 1188, § 9 is sufficient ground to dismiss the proceeding.

Appeal from Richmond county court.

A special proceeding, under sections 9 and 10 of title 13 of the General School Laws of the state of New York, (Rev. St., 7th Ed., p. 1188, § 9) to charge school-district No. 8, town of Northfield, Richmond county, with the expenses of the trustee Isaiah M. Merrill, in an action against him to recover a penalty, and on an appeal to the state superintendent. The district meeting voted against taxing the district to pay the account, and the trustee served notice that he would present the same to the county judge of Richmond county. No appearance was made on behalf of the district, and the county judge made a final order charging the district with the amount of the account. A motion was made to vacate the order, and from the order denying the motion the trustees appeal.

Argued before BARNARD, P. J., and DYKMAN, J.

*Lot C. Alston*, for appellants. *T. W. Fitzgerald*, for respondent.

BARNARD, P. J. The school-district had the right in the first instance to vote whether or not payment should be made to a school officer who had conducted an action or proceeding without a resolution of the district meeting. 2 Rev. St. (7th Ed.) p. 1188. The defendant was a trustee who came within this provision, and in compliance with the law presented his account in writing. The district meeting voted against taxing the district to pay it. The defendant gave notice of appeal to the county court, "orally and publicly," as the law required, upon the refusal to vote in favor of the application. The law required the officer appealing to serve on the district clerk a notice in writing that the account would be presented to the county judge on a certain day specified therein. This notice must be served within 10 days after the adverse vote of the district meeting. The papers state that this vote was taken August 28, 1888. The notice on the district clerk was not served until the 20th of September, 1888. This was too late. *Seymour* v. *Judd*, 2 N. Y. 464. The failure to serve the notice on the clerk was sufficient ground to dismiss the proceedings. The order should therefore be reversed, with costs and disbursements.