LEMUEL A. HUFFMAN, PLAINTIFF IN ERROR, V. AUGUST KOPPELKOM AND OTHERS, PLAINTIFFS IN ERROR.

1. **Sheriff's Official Bond:** IRREGULARITIES IN, DO NOT VITIATE. The official bond of a sheriff is not void by reason of its being given to the state, instead of the proper county, as obligee. This is but an irregularity which in nowise affects the liability of the sheriff or his sureties, in an action thereon for damage occasioned by official misconduct.

2. ———: FOR WHAT ACTS OF SHERIFF HIS SURETIES ARE LIABLE. The sureties on such bond are liable for acts of the sheriff done *virtute officii*, but not for acts done *colore officii*.

3. **Pleadings:** PETITION: DEMURRER. Where, in an action on such bond, the petition, by suitable averments, shows affirmatively that the act complained of was done by the sheriff while in the performance of an official duty, it is not subject to demurrer because of an additional averment that it was done "under color of his said office." These latter words are but a conclusion not warranted by the facts stated, and will be rejected as surplusage.

ACTION on an official bond of the defendant in error, sheriff for Dodge county, to recover for a personal injury. Demurrer to the petition heard and sustained by the district court of Dodge county, and cause removed here by petition in error.

*Marshall & Sterett,* for plaintiff in error.

1. That an officer is liable for his acts done *colore officii* we think is settled by the following authorities: *Kane v. U. P. R. R.,* 5 Neb., 107–8. *People v. Schuyler,* 4 Com., 173. *Ohio v. Jennings,* 4 Ohio S., 419.

2.   A sheriff and his sureties are liable on his official bond for trespasses committed by him in attempting to discharge his duty as an officer.   *Charles v. Haskins*, 11 Iowa, 329.   *People v. Schuyler*, 4 Com., 173.

3.   Although the bond in question may be defective as a statutory bond, it is good as a common law bond; and if good as a common law bond, it is sufficient to maintain this action.   A bond not good as a statutory bond, being voluntarily given, but not against the policy of the law, is good as a common law bond. *Lane v. Casey*, 1 Metc. (Ky.), 410.   *Rowlet v. Eubank*, 1 Bush., 477.   *Gathwright v. Galloway Co.*, 10 Mo., 663. *Richardson v. People*, 85 Ill., 495.   *Coons v. People*, 76 Ill., 383.   *People v. Johr*, 22 Mich., 461.   *Supervisors v. Coffenbury*, 1 Mich., 355.   *Archer v. Heart*, 5 Florida, 234. *Howard v. Brown*, 21 Maine, 385.   *State v. Bowman*, 10 Ohio, 445.   *Clausor v. Charleton*, 11 Chicago L. News, 68.   *Teevis v. Randall*, 6 Cal., 632.   A bond is not void because it does not in all respects conform to the statute under which it was taken.   It is absolutely void only when the statute declares it void.

*W. A. Gray, W. A. Marlow, and E. F. Gray*, for defendants in error.

1.   That the conditions of an official bond are to be strictly construed, and that obligors are liable only when a case is brought within the very terms and scope of their undertaking, is a rule of law so often passed upon, and so clearly established, as to no longer be a subject for argument.   *People v. Spraker*, 18 Johns. (N. Y.), 389.   *Miller v. Stewart*, 9 Wheaton, 681. *Legett v. Humphrey*, 21 How., 76.   *Scott v. State*, 46 Ind., 203.

2.   The only official duty of the defendant, Koppel-

kom, that is shown in the petition was that of arrest-
ing the escaped prisoner Charles Clark, or executing a
writ of *mittimus* according to law.   Could the wrong-
ful and unlawful seizing and laying hold of and shoot-
ing the plaintiff be called a breach of either of these
duties?   Was it a breach of defendant's duty to arrest
Clark? or was it an unlawful execution of the writ? or
was it any execution at all of the writ?   We think it
was not, and we find that our thoughts on the subject
agree with the opinions of the counsel for the plain-
tiff, as they are to be gathered from the petition.   It is
not stated anywhere in the petition that defendant
acted under the authority or by virtue of any legal
process, but, on the contrary, it is stated that "he
claimed to so act;" that he made the arrest "under
color of his office;" and that "he had no manner of
right or authority of law to arrest, lay hold of, shoot,
or in any way interfere with or injure the plaintiff."
If these allegations show anything, they show that the
act complained of was not an official act, but a mere
personal trespass, and it cannot be contended that the
sureties are liable for mere personal trespasses of the
principal in an official bond.

   3.   The true distinction is between an act done
*colore officii* and *virtute officii*.   In the former case the
sheriff is not protected by the statute, where the act is
of such a nature that his office gives him no authority
to do it; but where in doing an act within the limits
of his authority, he exercises that authority improper-
ly, or abuses the confidence which the law reposes in
him—to such cases the statute extends.   *Griffith v.
Walker*, 1 Wils., 336.   *Seeley v. Birdsall*, 15 Johns.,
267.   An action of trespass will not lie for an act com-
mitted in an official capacity.   An act done under
color of office is a mere personal trespass, the sureties
on the official bond not being liable.   *Morris v. Van-*

*boast,* 19 Wend., 283. *State v. Mann,* 21 Wis., 693. *Gerber v. Ackley,* 37 Wis., 43. *Ex-parte Reed,* 4 Hill, 572. *State v. Conover,* 28 N. J. Law, 224. *Sample v. Davis,* 4 G. Greene., 117. *Schloss v. White,* 16 Cal., 66. *State v. Brown,* 11 Ired., 141. *Holt v. McLean,* 75 N. C., 347. *Governor v. Perrine,* 23 Ala., 807.

LAKE, J.

The action below was brought against the principal and sureties in the official bond of August Koppelkom, sheriff of Dodge county. A general demurrer to the petition was sustained, and the case is brought to this court for review by petition in error. In support of the demurrer it is urged:

*First.* That no action can be maintained upon this bond, for the reason that the obligee named therein is the State of Nebraska when it should have been Dodge county. "All bonds by county and precinct officers shall be given to the county in which said officers are elected respectively." Sec. 5, chap. 6, Gen. Stat. But this objection cannot be sustained. The obligee in an official bond is not necessarily, nor usually, the party interested therein in actions upon it. The bond being really for the use and benefit of whoever is injured in consequence of the unfaithful performance of duty by the officer, the obligee is really but a nominal party. And whatever may be the name of this nominal party, the action, under our practice, must be in the name of the real party in interest, although not mentioned in the bond.

As a protection to parties interested in official securities, it is wisely provided in section ten of the same chapter of the statutes, that: "No official bond shall be rendered void by reason of any informality or irregularity in its execution, etc." We are of the opinion

that the mistake in this bond of naming the state, instead of the county as the obligee, falls within the operation of this provision of the law, and is cured by it.

*Second.* The second objection to this petition, and the one most relied on in this argument is, that an action can be maintained on an official bond only for injuries done *virtute officii,* and not for acts done *colore officii* merely. And so we believe the law to be according to the best authorities. But, admitting the law to be as claimed by counsel for the defendants, still we think the petition states a cause of action. It is true that by one allegation the pleader says the act complained of was done by the sheriff "under color of his said office," but on examination of the petition we find facts alleged which show most positively that it was done *virtute officii.* The petition, after reciting that one Charles Clark had been lawfully committed to the jail of Dodge county, of which the said Koppelkom, as such sheriff, was the jailor, and that while so in custody, and held by a mittimus in due form of law, the said Clark had escaped, and was then at large, subject to arrest by said sheriff, proceeds as follows; "And the plaintiff further avers that the said Koppelkom, being sheriff as aforesaid, and having then and there the said writ of mittimus as aforesaid, did not execute said writ according to law, but on the contrary thereof, to-wit.: On the seventh day of July, 1878, at and within the said county of Dodge, as such sheriff, acting under said writ of mittimus and under color of his said office, did carelessly, unfaithfully, forcibly, and wrongfully, and unlawfully and violently seize, arrest, and lay hold of the said plaintiff, and did then and there shoot, wound, bruise, and break the left leg of the said plaintiff," etc.

From this quotation it will be seen that the words,

"*and under color of his said office*," are not warranted from the facts distinctly alleged, and may be rejected as surplusage. We are of the opinion that the facts alleged constitute a cause of action. The judgment is therefore reversed, the demurrer overruled, and the cause remanded for further proceedings.

REVERSED AND REMANDED.