JAMES MORTENSEN, COUNTY TREASURER OF CUMING COUNTY, PLAINTIFF IN ERROR, v. THE WEST POINT MANUFACTURING CO., DEFENDANT IN ERROR.

12 197
59 428

1. Taxes: ACTION BY COUNTY TREASURER. A county treasurer, when authorized and directed by the county commissioners to collect personalty taxes by suit, may maintain an action in his own name, in the county in which he holds his office, to recover the same.

2. Constitutional Law. Section 17 of the "act to provide a system of revenue," approved February 15th, 1869, providing for the assessment of stock of corporations, is not in conflict with section 1, Art. IX., of the constitution.

ERROR to the district court for Cuming county. Heard below before BARNES, J., on demurrer to petition. Demurrer sustained and action dismissed.

*Uriah Bruner,* for plaintiff in error.

1. The action was rightfully brought in name of treasurer. Gen. Stat., 912, Sec. 37. Laws 1879, 311, Sec. 89. In the collection of these taxes under the warrant issued to him he has assumed an express trust, and as trustee of such trust may maintain the action. Civil code, Sec. 30. *Regents v. McConnell,* 5 Neb., 423.

2. Sec. 17, Gen. Stat., 902, requires that stock only of defendant shall be assessed, and all other property omitted. If this is good law plaintiff cannot recover. Plaintiff, however, claims that it is unconstitutional, on the ground of inequality and want of uniformity. Cooley Const. Lim., 622—625. *Woodbridge v. Detroit,* 8 Mich., 301. *Knowlton v. Supervisors,* 9 Wis., 410.

*J. C. Crawford,* for defendant in error.

MAXWELL, CH. J.

This is an action by the treasurer of Cuming county, against the defendant, to recover for the personal taxes assessed against it, for the years 1876, 1877 and 1878. A demurrer to the petition was sustained in the court below and the action dismissed.

But two of the questions presented by the record will be considered.

*First.* Can a county treasurer maintain an action in his own name to recover personalty taxes? *Second.* Does the petition state a cause of action?

*First.* Section 89 of the revenue law of 1879, provides

that: "No demand for taxes shall be necessary, but it shall be the duty of every person subject to taxation under the laws of this state to attend at the treasurer's office, at the county seat, and pay his taxes; and if any person neglect so to attend and pay his personal taxes until the first day of November next after such taxes become delinquent, the treasurer is directed to levy and collect the same, together with the costs of collection, by distress and sale of personal property belonging to such person, in the manner provided by law for the levy and sale on execution, and the treasurer shall be entitled to the same fees for his service as are allowed by law to sheriffs for selling property under execution. *Provided,* That in case no personal property of the delinquent can be found, it shall be the duty of the treasurer, when directed so to do by order of the board of county commissioners of his county, to commence suit by civil action in the district court of said county, in the same manner as other civil actions are commenced, and prosecute the same to judgment and collection by execution, attachment, or garnishment, as the case may require, and that no property whatever shall be exempt from levy and sale under process issued on the judgment obtained in such action; and in case judgment be recovered, costs shall follow the judgment without regard to the amount of said judgment; *Provided further*, that in case any person having personal property assessed and upon which the taxes are unpaid shall, in the opinion of the treasurer, be about to remove out of the county, or in any other manner seek to put his personal property out of the reach of the treasurer, it shall be the duty of the treasurer to collect such taxes by distress, or by attachment, as the case may require, at any time after the tax duplicate has been placed in his hands. In case any person owing taxes remove, the treasurer shall, among other steps to collect such tax, forward, when necessary, such tax claim to the treasurer or tax

collector at the adopted residence, or place of abode of such tax debtor, and such taxes shall be collected at the latter place as other personal taxes, by distress or civil action, as the case may require, and returned to the proper county, less such charges for collection as are hereinbefore provided. And such treasurer or tax collector to whom such tax claim shall be so forwarded is hereby authorized to commence and prosecute to judgment such civil action as may be necessary, in the district court of such county, in the name of the board of county commissioners of the county from which such tax claim shall be forwarded, immediately upon receipt thereof by him, upon which judgment without regard to the amount thereof, the plaintiff shall recover costs, and such judgment shall have the same effect as hereinbefore provided, when suit is brought in the county where such tax is levied." Comp. Stat., 415.

It is alleged in the petition that "on the 24th day of February, 1880, the board of county commissioners of said county directed said James Mortensen, treasurer of said county of Cuming, as such treasurer, to commence suit," etc. This allegation is admitted by the demurrer, and is sufficient authority to the treasurer to commence an action. Where the action is commenced in the county in which the treasurer holds his office, he is authorized to commence the same in his own name; but if the action is commenced in another county by a party to whom the claim is sent, then the action must be brought in the name of the county commissioners of the county to which the taxes are due, the authority of the treasurer to bring an action being restricted to his own county; but the action being brought in Cuming county, was properly brought in the name of the treasurer.

*Second:* The property assessed in this case was such property as is represented by the stock of the corporation, which stock was regularly assessed, and the attorney for

the plaintiff admits that if section 17 of "The act to provide a system of revenue," approved February 15th, 1869, is constitutional, the petition states no cause of action. The section referred to, after providing the mode of assessment of railroad, telegraph, ferry and bridge companies, provides that: "The stock of all other corporations, or joint stock companies, not in this section otherwise provided for, existing under any law of this state, and doing business therein, whether such stock is held by resident or non-resident owners, shall be assessed, and taxed the same as all other taxable property in the precinct where said company may have its principal place of business; and in assessing the value of such stock, the actual value in cash of all the property that is represented shall be considered, and no deduction shall be made in such valuation by reason of debts owing by said corporation, unless, as in other cases, such deductions be made from the item of money and credits listed by said corporation. Any real estate belonging to or represented by the capital stock, duly listed and returned, of any corporation, or joint-stock company, shall be omitted by the assessor from the return of taxable lands, or town lots, which he is required by law to make, *except in case all the property belonging to any corporation be real estate,* in which case the capital stock of such corporation, or company, shall be omitted from the list." It is claimed that this provision is in conflict with the provisions of section 1, Art. IX., of the constitution, which is as follows: " The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property and franchises, the value to be ascertained in such manner as the legislature shall direct, and it shall have the power to tax peddlers, auctioneers, brokers, hawkers, commission merchants, showmen, jugglers, inn-

keepers, liquor dealers, toll bridges, ferries, insurance, telegraph and express interests or business, venders of patents, in such manner as it shall direct by general law, uniform as to the class upon which it operates."

The petition fails to state in what the discrimination complained of consists, and it is unnecessary to enter into a discussion of that question. We fail to perceive wherein the provision of the revenue law, above quoted, is in conflict with the constitution. This being the case, there is no cause of action set forth in the petition, and the judgment must be affirmed.

JUDGMENT AFFIRMED.