JULIUS E. THOMAS ET AL., PLAINTIFFS IN ERROR, V. ELLEN HINKLEY, DEFENDANT IN ERROR.

1. **Liquors:** BOND OF SELLER. A liquor dealer's bond with sureties, was given to the village of Hebron, instead of the state of Nebraska. *Held,* That such bond was not therefore invalid; and that a wife may maintain an action thereon for loss of means of support caused by intoxicating liquors sold to her husband. . *Huffman v. Koppelkom,* 8 Neb., 344, followed. *Sexson v. Kelley,* 3 Id., 104, distinguished.

2. ———: ———. The bond is for the use of any person who may be injured by the sale or giving away of intoxicating liquors by the person licensed or his agent, and the obligee is not necessarily nor usually the party interested.

3. ———: ———: APPROVAL. Where the bond of a liquor dealer is filed with the clerk and retained by him, and the principal in the bond then engages in the sale of intoxicating liquors, the

sureties cannot plead as a defense to the bond that no formal approval was endorsed on such bond.

4. ———: ———. The recital in a bond signed by the principal and sureties that "a license to sell malt, spirtuous, and vinous liquors as provided by law, was issued to the principal" is sufficient *prima facie* as against them to show the issuing of license.

5. ———: ———: LIABILITY OF SURETY. Where the same surety signs the bonds of two or more dealers he will be liable on each, and the validity of such bonds will not be affected.

ERROR to the district court for Thayer county. Tried below before MORRIS, J.

*O. H. & A. R. Scott*, for plaintiffs in error, cited: *Sexson v. Kelley*, 3 Neb., 105. *State v. Andrews*, 11 Neb., 523.

*Mason & Whedon* and *Manford Savage*, for defendant in error, cited: *Horn v. Whittier*, 6 N. H., 88. *Governor v. Allen*, 8 Humph., 176. *Thomas v. White*, 12 Mass., 369.

MAXWELL, CH. J.

The defendant in error recovered a judgment against A. Miller for the sum of $900 and costs, for loss of means of support, caused by the death of her husband from intoxicating liquor furnished by Miller. Being unable to collect the judgment from Miller she brought this action against the plaintiffs in error, who were bondsmen of said Miller, and recovered judgment against them. The bond is as follows:

"BOND ON LICENSE TO SELL LIQUORS.

"STATE OF NEBRASKA, ⎫ ss
    THAYER COUNTY. ⎭

"Know all men by these presents:

"That Amos Miller, as principal, and Julius E. Thomas and Louis Harp, and George M. Church, D. J. Nebergall,

Wm. H. Stewart, and Alfred Norbœ, as sureties, are held and firmly bound unto the village of Hebron, state of Nebraska, in the penal sum of five thousand dollars, good and lawful money of the United States, for which payment well and truly to be made, we bind ourselves, our heirs and assigns, jointly and severally by these presents. The conditions of the above obligations are such, that whereas the board of trustees of the village of Hebron, in Thayer county, Nebraska, have granted unto the above bounden Amos Miller a license to sell malt, spirituous, and vinous liquors, as provided by law. Said liquors to be sold in the building situated on lot six, block ten, of the town of Hebron, in said county, and said license to continue in force from the 20th day of October, A.D. 1881, until the 20th day of April, 1882 (or during the pleasure of said board).

"Now if the above bounden Amos Miller shall not, during the continuance of said permit, violate any of the provisions of an act to regulate the license and sale of malt, spirituous, and vinous liquors, etc., etc., passed by the legislature of the state of Nebraska, and duly approved by the governor thereof, and to take effect June 1st, 1881, and all acts and parts of act supplemental thereto, and shall pay all damages, fines, and forfeitures, which may be adjudged against him under the provisions of the statutes of the state of Nebraska, then in such case the above obligations to be void, otherwise to remain in full force and effect.

"Signed and sealed this tenth day of October, A. D. 1881.

"AMOS MILLER,        [L. S.]
"JULIUS E. THOMAS,   [L. S.]
"D. J. NEBERGALL,    [L. S.]
"LOUIS HARP,         [L. S.]
"GEORGE M. CHURCH,   [L. S.]
"ALFRED NORBŒ,
"WM. H. STEWART,

"Signed, sealed and delivered in presence of E. S. Knight.

Thomas v. Hinkley.

" STATE OF NEBRASKA, ⎱ ss.
    THAYER COUNTY.     ⎰

"Alfred Norbœ, representing $100, Julius E. Thomas, representing $500, Louis Harp, representing (personal property) $1,200, George M. Church, representing $1,000, D. J. Nebergall, representing $1,000, Wm. H. Stewart, representing $1,200, being first duly sworn, depose and say (each for himself), that he is a resident householder and freeholder of the county of Thayer, in said state, that he is surety in the foregoing bond, that he is worth in real estate therein the sum set opposite his name above, and that said sum is beyond the amount of his debts, and that he has property liable to execution in the state of Nebraska, equal to the amount so mentioned.

"A. NORBŒ
"E. THOMAS,           [L. S.]
"LOUIS HARP,          [L. S.]
"GEORGE M. CHURCH,    [L. S.]
"D. J. NEBERGALL,     [L. S.]
"WM. H. STEWART,      [L. S.]

"Subscribed in my presence and sworn to this 10th day of October, A.D. 1881.

    [SEAL.]                "E. S. KNIGHT,
                            " Notary Public."

Indorsed on bond: "Filed in the office of the village clerk of Hebron, Nebraska, October 19th, A.D. 1881."

The principal ground upon which a reversal is sought is because the bond is invalid by reason of the village of Hebron being the obligee instead of the state of Nebraska, as required by the statute, and *Sexson v. Kelley,* 3 Nebraska, 104, is cited to sustain that position.

In *Sexson v. Kelley* the bond was made payable to the city of Lincoln, and contained no provision for the payment of damages which might be adjudged against the licensed parties. The wife of Sexson brought an action

against the obligors in the bond to recover damages which she had sustained by reason of the sale of liquors to her husband.    The defendants demurred to the petition on the ground that it did not state a cause of action, and the demurrer was sustained.    In the decision of the case it is said the bond was a nullity.    The question properly arose upon the condition which did not include *damages*, and therefore as the plaintiff's action was to recover damages the surety could not be bound beyond the terms of his contract, and there could be no liability on the *bond*.    This was the particular point urged on the argument and raised by the demurrer.    Judge Gantt in writing the opinion discusses the question of the obligee.

The writer entertains great respect for that able and impartial judge to whose learning, research, and industry this state is greatly indebted.    But the question was not properly before the court, and the decision on that point can scarcely be considered an authority.    How far the obligors in a bond can insist on an objection of this kind after a breach of the conditions of the instrument we need not now determine.    The syllabus was not prepared by the court at that time, and the exact points decided could not therefore in all cases be clearly expressed.

In *Huffman v. Koppelkom*, 8 Neb., 344, the official bond of the sheriff was given to the state and not to the county, as required by the statute, but the court held that the irregularity in nowise affected the liability of the sheriff or his sureties in an action thereon for damage occasioned by official misconduct.    It is said (page 347): "The obligee in an official bond is not necessarily nor usually the party interested therein in actions upon it.    The bond being really for the use and benefit of whomsoever is injured in consequence of the unfaithful performance of the duty of the officer, the obligee is really but a nominal party.    And whatever may be the name of this nominal party the action under our practice must be in the name of the real party

in interest, although not named in the bond. This in our view states the law correctly. While the statute requires the bond to be payable to the state of Nebraska, yet it provides that it "may be sued upon for the use of any person, or his legal representatives, who may be injured by reason of the selling or giving away any intoxicating liquor by the person licensed or his agent." So that the bond is not for the use of the state, but for persons who may sustain injuries by reason of the sale of intoxicating liquor. The state, therefore, is merely a nominal party—a trustee—but there is no provision that if another obligee is named the bond will therefore be void. In the absence of such a provision we must hold the bond to be valid and available to any person who may have sustained injuries by the sale of liquor by the principal in the bond. *Van Deusen v. Hayward*, 17 Wend., 67. *Ring v. Gibbs*, 26 Wend., 502.

*Second.* Objection is made that the bond was not approved by the board of the village of Hebron. It was filed and retained by the clerk, however, and Mr. Miller, the principal in the bond, engaged in the sale of intoxicating drinks—in other words, availed himself of the benefits of the bond and treated it in all respects as valid and approved. Aside from this the act of retaining the bond and issuing the license was a sufficient approval of it.

*Third.* Objection is made that no license was ever legally issued. It is unnecessary to enter into a discussion of that question, as we find a recital in the bond itself, signed by the plaintiffs in error, stating that "license to sell malt, spirituous, and vinous liquors as provided by law," etc., has been issued to Miller. That recital concludes these parties, unless they can show fraud, accident, or mistake, which is not claimed.

*Fourth.* Objection is made that one of the sureties was also surety on another bond of like character in contravention of the statute; but this does not render the bonds void,

nor can such surety plead the fact as a defense.    The statute is in the nature of a direction to boards which approve bonds of that character, but does not declare such bonds affected in any manner by a surety signing two or more bonds.    There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.