COUNTY OF VALLEY V. A. D. ROBINSON ET AL.

[FILED JUNE 30, 1891.]

1. **Official Bonds**: ACTION ON: PARTIES.  In an action brought by a county on the bond of its treasurer to recover taxes collected by him for the state, *held*, that the action was properly brought in the name of the county;  that while the taxes were due the state, yet they were levied and collected through the county authorities and were a charge against the county until paid into the state treasury.

2. ———: ———.  *Held*, That the petition states a cause of action.

ERROR to the district court for Valley county.  Tried below before TIFFANY, J.

*William Leese, Attorney General*, and *E. J. Clements*, for plaintiff in error, cited: *Albertson v. State*, 9 Neb., 433; *Stewart v. Carter*, 4 Id., 564; *Huffman v. Kopplekom*, 8 Id., 344; *Athens v. Kersinger*, 2 W. L. M., 474; *Hunter v. Com'rs*, 10 O. St., 519; *Thorne v. Adams County*, 22 Neb., 825.

*A. M. Robbins, E. M. Coffin*, and *Westover & Stone*, contra.

MAXWELL, J.

This action was brought by the plaintiff against Robinson, as treasurer of Valley county, and sureties on his official bond.

It is alleged in the petition "that at the general election held in Valley county, Nebraska, on the 2d day of November, 1885, A. D. Robinson was elected to the office of county treasurer in and for said county, for the two years from the — day of January, 1886.

"Second—The 14th day of December, 1885, said A. D. Robinson, as principal, and James F. Colby, Geo. W. Meeks, J. V. Alderman, Abe Trout, B. C. White, C. B. Coffin, Ferd. Hollingsworth, A. S. Martin, E. W. Waterman, J. B. Miller, O. Z. Flagler, S. H. Webster, W. S. Waters, William A. Dye, L. M. Woodmansee, Fred L. Harris, J. S. Beauchamp, and W. D. Ogden, as sureties, made and delivered to the said county of Valley an obligation in writing, of which the following is a copy:

" 'Know all men by these presents, that we, A. D. Robinson, principal, James F. Colby, Geo. W. Meeks, J. V. Alderman, Abe Trout, B. C. White, C. B. Coffin, Ferd. Hollingsworth, A. S. Martin, E. W. Waterman, J. B. Miller, O. Z. Flagler, S. H. Webster, W. S. Waters, W. A. Dye, L. M. Woodmansee, F. L. Harris, J. S. Beauchamp, W. D. Ogden, are held and firmly bound unto the county of Valley and state of Nebraska in the penal sum of $35,000, for the payment of which we bind ourselves, our heirs, executors, and administrators.

" 'The condition of the above obligation is: That, whereas the above bound A. D. Robinson has been elected county treasurer in and for Valley county, Nebraska:

" 'Now, if the said A. D. Robinson shall render a true account of his office and of the doings therein to the proper authority when required thereby or by law, and shall promptly pay over to the person or officers entitled thereto, all money which may come into his hands by virtue of his said office, and shall faithfully account for all the balance of money remaining in his hands at the termination of his office, and shall hereafter exercise all reasonable diligence and care in the preservation and lawful disposal of all money, books, papers, and sureties or other property appertaining to his said office, and deliver them to his successor or to any person authorized to receive the same, and if he shall faithfully and impartially, without fear, favor, fraud, or oppression, discharge all other duties

now or hereafter required of his office by law, then this bond to be void, otherwise in full force and effect.

" 'Signed this 14th day of December, 1885.

" 'A. D. ROBINSON.

| | |
|---|---|
| " 'JAMES B. MILLER. | J. S. BEAUCHAMP. |
| " 'O. Z. FLAGLER. | JAMES F. COLBY. |
| " 'W. D. OGDEN. | S. H. WEBSTER. |
| " 'GEO. W. MEEKS. | W. S. WATERS. |
| " 'J. V. ALDERMAN. | ABE TROUT. |
| " 'WM. A. DYE. | L. M. WOODMANSEE. |
| " 'B. C. WHITE. | C. B. COFFIN. |
| " 'A. S. MARTIN. | FERD. HOLLINGSWORTH. |
| " 'FRED L. HARRIS.' | |

"Third—On the 8th day of January, 1886, said obligation was duly approved by the board of county commissioners of said Valley county, and said A. D. Robinson thereupon duly entered upon the duties of his said office, and at the time of committing the wrong hereinafter complained of, was exercising said duties.

" Fourth—The said defendant, A. D. Robinson, continued in and exercised the duties of said office of treasurer of said Valley county, until the 5th day of January, 1888, when his said term of office terminated by the qualification of his successor in office.

" Fifth—During his said term of office as county treasurer of said Valley county, and while he was exercising the duties thereof, the said defendant, A. D. Robinson, in and by virtue of his said office of treasurer of said county, did collect and receive the sum of $20,017.13 for taxes levied on the property of said Valley county for state purposes as follows, to-wit:

State general fund.................................... $8,913 28
State university fund ............................... 762 89
State institute for feeble-minded fund........... 211 99
State sinking fund ................................. 611 09

| | | |
|---|---:|---:|
| State capitol building fund............................ | $813 | 13 |
| State live stock indemnity .......................... | 175 | 48 |
| State interest (school land)........................ | 2,730 | 83 |
| State school fund .................................... | 1,797 | 12 |
| State reform school building fund............... | 234 | 25 |
| State insane hospital fund .......................... | 95 | 70 |
| State school land fund (principal) ............... | 1,658 | 90 |
| State school land lease fund ....................... | 2,012 | 47 |
| Total..................................... ......... | $20,017 | 13 |

of which sum of $20,017.13 so as aforesaid collected, he has paid over to the state treasurer the sum of $15,820.93, as follows, to-wit:

| | | |
|---|---:|---:|
| State general fund.................................... | $6,537 | 35 |
| State university fund .............................. | 583 | 21 |
| State institute for feeble-minded fund........... | 153 | 24 |
| State sinking fund .................................. | 427 | 78 |
| State capitol building fund........................ | 565 | 45 |
| State live stock fund............................... | 124 | 34 |
| State interest (school land) fund.................. | 2,436 | 64 |
| State school fund.................................... | 1,317 | 80 |
| State reform school fund .......................... | 169 | 94 |
| State insane hospital fund ......................... | 57 | 36 |
| State school land lease fund....................... | 1,788 | 92 |
| State school land fund (principal) ............... | 1,658 | 90 |
| Total ...................................... ...... | $15,820 | 93 |

and no more, and there still remains in his hands of the state taxes so as aforesaid collected by him, in and by virtue of his said office, the sum of $4,196.20, which he is required by law, and by the condition of his said bond to pay over to the state treasurer or his said successor in office. Yet the said defendant A. D. Robinson, notwithstanding payment of the said sum has been duly requested and demanded, has failed, neglected, and refused, and still fails, neglects, and refuses to pay over the said sum of

19

$4,196.20, or any part thereof, as required by statute in such case made and provided and by the conditions of his said bond, but the whole amount is and remains unpaid, and the said defendants, sureties of the said A. D. Robinson on his said bond, as aforesaid, notwithstanding they have full knowledge and notice of the facts heretofore stated and are required by law to pay said sum of money, and notwithstanding due request and demand for such payment, have failed and neglected to pay said sum of money, and still fail, neglect, and refuse to pay the same, and the whole amount thereof remains unpaid.

"Sixth—Said defendant A. D. Robinson did not faithfully perform the duties of said office as required by law, but has failed to perform the same as hereinbefore set forth, to the damage of the plaintiff in the sum of $4,196.20.

"Seventh—The plaintiff therefore prays judgment against the said defendants for the sum of $4,196.20, and interest thereon from the 15th day of February, 1888, at ten per cent, and cost of suit."

The defendants demurred to the petition upon the grounds that the action should have been brought by the state and not by the county, and that the petition did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the action dismissed.

The question here involved was before this court in *Albertson v. State*, 9 Neb., 429, and *Thorne v. Adams Co.*, 22 Id., 825, and in both cases it was held, in effect, that the action should be brought by the county. The bond is given to the county. The county is charged with the levy and collection of all county and state taxes, and until state taxes are paid they remain a subsisting charge against the county. A right to sue, therefore, has been given to the obligee of the bond, whose interest as well as duty is to see that the taxes are paid over to the state. It is evident, therefore, that the action was brought in the name of the proper party, and if the allegations of the petition are true,

the defendant is in default and his sureties are liable on his bond.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.