VILLAGE OF ST. JAMES *vs.* J. P. HINGTGEN and others.

December 19, 1891.

**Official and Statutory Bonds — Proper Obligee.** — Bonds required and given to secure faithful compliance with the provisions of a law of the state, like official bonds, should be made to the state, in the absence of authority, express or clearly implied, to take the same to a municipal corporation, or some public officer, as obligee therein.

**Same—Bond of Licensed Liquor-Seller—Prosecution—Disposition of Penalties.**—Under Laws 1887, *c.* 6, the bonds required of applicants for license to sell intoxicating liquors should run to the state, and the penalties recovered in prosecutions thereon go to the county treasury. Such bonds may be prosecuted in the name of the state by the county attorney in his official capacity.

Same—Bond Executed to Village—Prosecution in its Name.—Where the bond of a licensee under that act was erroneously executed to a village in its corporate name, *held*, that the county attorney was not authorized of his own motion, and without the consent of the village, to prosecute the same in its corporate name.

Action brought in the name of plaintiff, by the county attorney, in the district court for Watonwan county, to recover the penalty of the bond of $2,000, executed to the plaintiff by the defendant Hingtgen, a licensed seller of intoxicating liquors in the village, and by the other defendants as his sureties, and conditioned as required by law. Among the breaches assigned were sales at other places than the premises mentioned in the license, and sales on Sundays and election days. The defendants, in their answer, denied any breaches of the condition, and for a separate defence pleaded that the county attorney, who appeared for plaintiff, was not its attorney and was not authorized to prosecute the action, and that the village counsel had, at a meeting, resolved and declared that the action was brought without authority and should be dismissed. Thereafter, on filing a copy of a resolution of the village council directing a dismissal of the action and appointing an attorney (other than the county attorney) to appear for it for such purpose, and a consent in writing of the defendants' attorneys, judgment of dismissal was entered by the clerk. The county attorney moved to set aside the judgment, on the ground that it was entered without his knowledge and against his wishes, and that the village and its attorney had no authority to enter or direct a dismissal. The motion was denied by *Severance*, J., and the county attorney, in the name of the village, appealed.

*J. W. Seager*, for appellant.

*J. J. Thornton* and *Pfau, Young & Coffman*, for respondents.

VANDERBURGH, J. The traffic in intoxicating liquors is regulated under the authority of the state in the exercise of its police power; and for such purpose the legislature may, as is the usual practice, constitute the local authorities of the subordinate political subdivisions of the state, agencies to grant licenses, upon such conditions, and with such legislative restrictions, as may be deemed best for the public good. Among the conditions usually imposed upon applicants.

for such licenses, is the execution of a bond to more effectually secure the statutory provisions regulating the conduct of the business, or damages to parties injured by the breach thereof. From the nature of the case, it is eminently proper that such bonds should run to the state, since they relate to the enforcement of the laws of the state. But it is, of course, competent for the legislature to provide that they should run to counties or other municipal corporations or their officers, and to make such corporations the beneficiaries thereof, as well as to direct what disposition should be made of fines or penalties in prosecutions for violations of the law. But the mere fact that such corporations are made agencies of the state to issue licenses, or that any local officer is made the custodian of the bond, does not, of itself, authorize such corporation to take the bond in its own name, under general laws regulating and licensing the traffic. On the contrary, the rule must be held to be, in such cases, that the bond should be made to the state in the absence of authority, express or clearly implied, to take the same to the corporation, or some public officer, as obligee therein.

The village of St. James was organized under Laws 1885, *c.* 145. By section 48 it is authorized to issue licenses within the village, in place of the board of county commissioners, but in respect to the bond the provisions of the General Statutes (chapter 16) were continued in force. The mere change in the license agency did not change the character of the bond required or the obligee therein, or make the village the beneficiary under it. The same policy is manifest in all the general legislation on the subject, since the statutes of 1866. The provisions of the general village law referred to were, however, superseded by chapter 6, Laws 1887, which controlled the form of the bond required when the license in question here was issued. Under the statute last referred to, counties, cities, and villages are still authorized to issue licenses, but the provision in relation to the bond is general, applicable to all alike, and there is nothing in this statute modifying the general rule, or from which it can be fairly implied that the bond should run to the separate municipality instead of to the state. The prosecutions under this act, as a

general law of the state, are conducted in its behalf, and the fines and penalties or forfeitures go into the county treasury, (Gen. St. 1878, c. 78, § 9;) and the bond should run to the state, and be prosecuted in its behalf, and the county attorney is the proper prosecuting officer. As respects such bonds, the municipal authorities have no discretion to suspend their operation or prevent their prosecution; and there are good reasons for this rule. Gen. St. 1878, c. 16, § 5; *Commissioners of Mower County* v. *Smith*, 22 Minn. 97, 113.

While we think, as a rule, the bonds required under the license law should run to the state, we do not decide that such bonds, executed to the board of county commissioners, cannot be enforced by the county as the beneficiary. Furthermore, there are many cases where bonds are voluntarily given which will be upheld as valid common-law obligations, though not in conformity with or in pursuance of the statutes, or not required by law to be given, where such bonds run to officers or the state, or to corporations which are expressly or impliedly authorized to become parties to such obligations. *Sweetser* v. *Hay*, 2 Gray, 49, and cases; *Fowle* v. *Common Council of Alexandria*, 3 Pet. 398; *Thomas* v. *White*, 12 Mass. 367; *Justices* v. *Smith*, 2 J. J. Marsh. 472; *Governor* v. *Allen*, 8 Humph. 176. And see *Breen* v. *Kelly*, 45 Minn. 352, (47 N. W. Rep. 1067.)

We are unable to discover any statutory authority warranting the execution of the bond in form to the village as the beneficiary. It could not, therefore, enforce the bond by this action, which is brought by the county attorney in its name. In some jurisdictions, however, it is held that bonds erroneously taken to a town or village are not void, but are construed to be bonds essentially intended for the benefit of the commonwealth, or for beneficiaries designated by the statute, and that they may therefore be enforced in behalf of the state or such beneficiaries, and the obligee treated as trustee. This is a question we do not consider or decide. This action is not so brought, and the county attorney is not authorized, of his own motion, to sue in the name of the village. *Huffman* v. *Koppelkom*, 8 Neb. 344, (1 N. W. Rep. 243;) *Thomas* v. *Hinkley*, 19 Neb. 324, (27 N. W. Rep. 231.) See *Town of La Grange* v. *Chapman*, 11 Mich. 499. The

court was therefore right in sustaining the objection made to the prosecution of the bond by him.

Order affirmed.