JOHN RIGGS V. E. C. MILLER ET AL.

[FILED MAY 18, 1892.]

1. **Official Bonds:** A DEPUTY SHERIFF is required to give a bond for the same amount as his principal, and the bond of such deputy must run to the county in which he was appointed.

2. ———: PETITION. *Held,* That the petition states a cause of action.

ERROR to the district court for Sheridan county. Tried below before KINKAID, J.

*W. H. Westover,* and *J. C. Johnston,* for plaintiff in error, cited: *Snyder v. Brune,* 22 Neb., 190; *Huffman v. Koppelkom,* 8 Id., 347; *Ottenstein v. Alpaugh,* 9 Id., 239; *Koppelkom v. Huffman,* 12 Id., 98; *Thomas v. Hinkley,* 19 Id., 328; Murfree, Official Bonds, secs. 435, 436; *U. S. v. Tingley,* 30 U. S., 115; *Horn v. Whittier,* 6 N. H., 88, 94; *Moore v. Graves,* 3 Id., 408.

*Thos. L. Redlon, contra.*

NORVAL, J.

The action below was brought by John Riggs against Edwin C. Miller and his sureties on his official bond, as deputy sheriff of Sheridan county. The facts are these: On the 12th day of January, 1886, plaintiff was the duly elected, qualified, and acting sheriff of said county, and on that day he appointed the defendant Miller his deputy, who on the same day took the oath of office and filed his official bond as such deputy sheriff, conditioned as provided by law, with the other above named defendants as sureties on said bond. The bond runs to Sheridan county, and was duly approved by the county board of said county. On the 18th day of March, 1886, an execution in due form

was issued out of the district court of Brown county, upon a judgment therein rendered for the sum of $216.10, besides costs, in favor of C. H. Bane, in a cause wherein said Bane was plaintiff and Samuel Rutherford and John Rector were defendants, which writ was directed to the sheriff of Sheridan county, and, on the next day after its date, the same was placed in the hands of said Edwin C. Miller, as such deputy sheriff, for execution. Miller failed and neglected to levy said execution upon any property of the execution debtors, and has never returned said writ to the clerk of the court from which the same was issued. In consequence of such failure and neglect, said C. H. Bane commenced amercement proceedings against said John Riggs, sheriff, in the district court of Brown county, and judgment of amercement was thereafter, on the 4th day of September, 1888, rendered against said Riggs for the sum of $271.40 and costs. Afterwards an execution was issued against plaintiff in error upon said judgment of amercement, which writ being returned unsatisfied, C. H. Bane brought suit against plaintiff in error and the sureties upon his official bond as sheriff, to recover to the amount of said judgment of amercement, with interest and costs, and judgment was rendered in said action in favor of said C. W. Bane in the sum of $291.23 and $1.23 costs, which judgment said plaintiff has since paid in full.

To the petition, setting up the above facts, the sureties interposed a general demurrer, which was sustained by the court below, and the action dismissed.

As the defendants in error failed to file a brief, we must rely upon the statement in brief of counsel for plaintiff in error as to the point upon which the demurrer to the petition was sustained, and that is, that the bond sued on is void, because Sheridan county is the obligee named therein, instead of John Riggs, sheriff of said county. This contention it is said is based upon section 1, chapter 24, Compiled Statutes, entitled "Deputies," which provides, *inter*

*alia,* that each county clerk, treasurer, sheriff, and surveyor may appoint a deputy, "for whose acts he shall be responsible, and from whom he shall require a bond, which appointment shall be in writing, and shall be revocable by writing, under the principal's hand," etc.   Section 4 provides that "the sheriff may appoint such number of deputies as he sees fit."   Section 5 provides that "each deputy shall take the same oath as his principal, which shall be indorsed upon and filed with a certificate of his appointment."

While the section first above quoted requires the person appointed deputy sheriff to give a bond for the faithful discharge of his duties, yet neither it, nor any provision of the other sections quoted, in express terms specifies the name of the obligee in such bond.   If there were no other statutory provisions than the above relating to bonds of deputies, probably we might hold that the reasonable inference to be drawn from the language of section 1 is that the bond of a deputy sheriff should run in the name of his principal; but in view of the more recent legislative enactments upon the subject, which will be referred to hereafter, we conclude the bond of such deputy should run to the county.

It may be observed that said chapter 24 was enacted by territorial legislature, and was approved October 8, 1858.   The legislature has since passed an act entitled "An act concerning official bonds and oaths," approved February 18, 1881, which still remains in force, the same being chapter 10 of the Compiled Statutes of 1891.   Section 3 provides that "all official bonds of county, township, school district, and precinct officers must be in form, joint and several, and made payable to the county in which the officer giving the same shall be elected or appointed," etc.   Section 19 fixes the penalties of the bonds of state, county, and precinct officers.   Section 20 provides, among other things, that "Deputies shall, except as otherwise

specially provided, give bonds, in the same manner and for the same sum as their principals."

Section 3 is as explicit as language can make it and leaves no room for interpretation. It requires that the county shall be named as the obligee in the official bonds of all county officers. The fair and reasonable construction of the provisions of section 20 is, that official bonds of all deputies of the officers named in the act shall be conditioned and made payable to the same obligee and for a like amount as the bonds of their principals. We are of the opinion that the act of 1881, mentioned above, governs and controls the bonds of deputy sheriffs, and that the bond in suit was properly made payable to Sheridan county. The provisions of said chapter 24, in so far as they conflicted with the act of 1881, were repealed by the last section of said act.

There is another view of the case that is equally conclusive against the defendant. Conceding that we have given the wrong construction to the provisions of the statute and the bond should have run to John Riggs instead of to the county of Sheridan, it is not for that reason void. Decided cases are to the effect that it is but an irregularity, which does not affect the liability of the principal and sureties on the bond. (*Huffman v. Kopplekom*, 8 Neb., 344; *Kopplekom v. Huffman*, 12 Id., 95 ; *Thomas v. Hinkley*, 19 Id., 324.) In either view of the case we think the petition stated a cause of action, and that the demurrer should have been overruled. Judgment

REVERSED AND REMANDED.

THE other judges concur.