UNITED STATES WIND ENGINE & PUMP COMPANY v. H. P. DREXEL ET AL.

FILED FEBRUARY 17, 1898.   No. 7843.

1. **Bonds:** VALIDITY: DEFECTS. A statutory bond is not void for want of a penalty nor because the beneficiaries are named as obligees therein, instead of a trustee according to the requirement of the statute under which it is given.

2. ———: APPROVAL: PUBLIC BUILDINGS. A bond for the protection of persons furnishing labor or material for the erection of a public building under the laws of the state of Iowa does not be-

come a binding obligation until accepted and approved by the officer charged by law with that duty.

3. ——: ——: Defects. The approval of an irregular bond limited to certain beneficiaries named therein and based on an express waiver of their rights, is a rejection of such bond as to all other persons for whose benefit it was intended. Harrison, C. J., and Norval, J., concur in the judgment for the reason stated in the third division of the syllabus alone.

Error from the district court of Douglas county. Tried below before Hopewell, J. *Affirmed.*

The opinion contains a statement of the case.

*Cavanagh & Thomas,* for plaintiff in error:

Obligors cannot escape liability, because the bond does not run to the county. (*Heatherington v. Hayden,* 11 Ia. 335; *Pursley v. Hayes,* 22 Ia. 29; *Huffman v. Koppelkom,* 8 Neb. 344; *Koppelkom v. Huffman,* 12 Neb. 95; *Thomas v. Hinkley,* 19 Neb. 324; *Riggs v. Miller,* 34 Neb. 666; *Fillows v. Gilman,* 4 Wend. [N. Y.] 414; *Faurote v. State,* 110 Ind. 463.)

The bond is not void for want of a penalty. (*Dodge v. St. John,* 96 N. Y. 260; *Williams v. Golden,* 10 Neb. 432; *Noble v. Himeo,* 12 Neb. 193.)

The defense that the bond was not delivered and accepted should not be sustained. If the bond was a statutory one, it was deposited where the statute directed. If the bond was a common law bond, placing it with the treasurer was a delivery. (*McCracken v. Todd,* 1 Kan. 148; *Green v. Wardwell,* 17 Ill. 278; *Ashkum v. Luke,* 12 Brad. [Ill. App.] 29.)

*B. G. Burbank, H. C. Brome,* and *A. A. McClanahan, contra.*

Sullivan, J.

The United States Wind Engine & Pump Company, by this proceeding in error, challenges the correctness of the order and judgment of the district court for Doug-

las county sustaining a demurrer to its petition and dismissing its action. The material allegations of the petition are in substance as follows:

1. It is the assignee and owner of a subcontractor's claim, amounting to $4,000, due for labor and material furnished in the erection of a court house for Montgomery county, in the state of Iowa.

2. The laws of Iowa give subcontractors a lien for all material and labor furnished in the erection of public buildings not owned by the state.

3. The statute giving such lien provides:

"Sec. 4. The contractor may at any time release such claim by filing with the treasurer of such corporation a bond to such corporation, for the benefit of such claimants, in sufficient penalty, with sureties to be approved by such treasurer, conditioned for the payment of any such sum which may be found due such claimant, and such contractor may prevent the filing of such claims by filing in like manner a bond conditioned for the payment of persons who may be entitled to file such claims."

4. In February, 1891, Richards & Co. as principal, with the defendants in this action as sureties, signed and delivered to the treasurer of Montgomery county a bond conditioned as follows:

"Now, therefore, we, Richards & Co., as principals, and H. P. Drexel, E. J. Refregier, E. A. Blum, J. H. Hulbert, and Albert Foll, as sureties, for the purpose of releasing the claim now on file with the auditor of Montgomery county, Iowa, in favor of the Northwestern Terra Cotta Company, which claim is a mechanic's lien against a public corporation, to-wit, Montgomery county, Iowa, and for the purpose of preventing the filing of any mechanic's lien for material furnished or work and labor performed in the building and erection of said court house, for which the persons furnishing said material and performing said labor would under the laws of the state of Iowa be entitled to file a mechanic's lien against said public corporation, to-wit, Montgomery county, Iowa, and for

the use and benefit of said Northwestern Terra Cotta Company, and for the use and benefit of such other persons who now have or shall hereafter have a right to file a mechanic's lien against said public corporation, Montgomery county, for materials furnished or work and labor performed, and for the purpose of paying any and all sum or sums found to be due the said Northwestern Terra Cotta Company from Richards & Co. aforesaid, and for the purpose of paying any and all sums due from said Richards & Co. to any and all persons for materials furnished or to be furnished, or for work and labor done or to be done, for which any of said persons have now, or may hereafter have a right to file a mechanic's lien against said public corporation, Montgomery county, Iowa, for said labor, work, or materials done or furnished, this obligation is executed, and we bind ourselves and assigns to pay any such sum or sums so found to be due said Northwestern Terra Cotta Company or any other person or persons as hereinbefore mentioned. This obligation is executed for the use and benefit of all persons who now have or who may have hereafter a right to file a mechanic's lien against said Montgomery county, Iowa, under and by virtue of the provisions of sections 3322, 3327, 3328, and 3329 of McClain's Annotated Code of Iowa, edition of 1888, being the laws of the 20 G. A., chapter 179, sections 1 to 4 inclusive, for materials furnished or to be furnished, or work or labor done or to be done, in the building and erection of a court house at Red Oak Junction, Montgomery county, Iowa, said court house being erected and built by the said Richards & Co. aforesaid."

Afterwards the county treasurer indorsed upon said bond his approval in the following terms:

"It appearing to me that the Northwestern Terra Cotta Company, of Chicago, Ill., has now and claims the right to file a mechanic's lien or claim against Montgomery county for materials furnished in the building of the court house for said county;

"And it also appearing to me that Carnegie, Phipps & Co. claim to have the right now and hereafter to file a lien against said county for materials furnished and labor performed and to be hereafter furnished;

"And each of corporations and persons having consented in writing by me now held that non-resident sureties may file a bond:

"Now, as to the Northwestern Terra Cotta Company and Carnegie, Phipps & Co., the within and foregoing bond is now by me filed and approved this February 9th, 1891.                                           JOEL CAREY,
              *"Treasurer of Montgomery County, Iowa."*

5. The labor and material which are the basis of this action were furnished in reliance upon the bond above mentioned; and plaintiff's assignor relying thereon, permitted Richards & Co., the principal contractor, to draw from Montgomery county the whole amount due according to the terms of the contract.

The bond in question was not in strict conformity with the provisions of the statute under which it was given, inasmuch as it fixed no penalty and failed to name Montgomery county as the obligee therein. But these defects would not vitiate it. They are mere irregularities affecting in no manner the substantial elements of the contract. (*Noble v. Himco*, 12 Neb. 197; *Williams v. Golden*, 10 Neb. 432; *Dodge v. St. John*, 96 N. Y. 260; *Fellows v. Gilman*, 4 Wend. [N. Y.] 414; *Huffman v. Koppelkom*, 8 Neb. 344; *Koppelkom v. Huffman*, 12 Neb. 95; *Thomas v. Hinkley*, 19 Neb. 324; *Riggs v. Miller*, 34 Neb. 666.)

But was the bond delivered for the use and benefit of the plaintiff? That it was so tendered must be admitted, but to make it effective required not only a tender but an acceptance as well. To make it a binding obligation required that indispensable element of all valid contracts, a meeting of the minds of the contracting parties.

Richards & Co. presented to the county treasurer the contract in suit. The treasurer was an officer charged

by law with the duty of accepting such bond if found sufficient in substance and form. It was not sufficient in form and he evidently was not satisfied with it because the sureties were non-residents of the state of Iowa. He, therefore, as appears from his indorsement and as he rightfully might do, rejected it as a statutory bond. His acceptance of it "as to the Northwestern Terra Cotta Company and Carnegie, Phipps & Co." was, by the clearest implication, a rejection of it as to all others for whose benefit it was tendered. In acting on this bond he, in effect, declared: "This bond is not in conformity with the statute. The sureties are non-residents of the state, nevertheless, at the special instance of the Northwestern Terra Cotta Company and Carnegie, Phipps & Co., I accept and approve it for their benefit only, reserving to all other subcontractors the right to file their statutory liens." To hold the defendants liable in this case would be to charge them upon an unaccepted offer of suretyship. The judgment of the district court is

AFFIRMED.