PERKINS COUNTY V. J. E. MILLER ET AL.

FILED MAY 19, 1898.  No. 8062.

1. **Official Bonds:** FORM. The official bond of a county clerk is not void by reason of its being, in form, joint, instead of joint and several as required by statute.

2. ——: ——: TERM OF OFFICE. The official bond of a county officer is not void because it does not specify or designate the term for which the principal obligee was elected or appointed.

3. **Amendment of Pleadings.** Amendments to pleadings should always be permitted when in furtherance of justice, and the rulings of the trial court in that regard will be reversed when the record presents a clear abuse of discretion.

4. **Action on Joint Contract:** PARTIES. In an action upon a joint contract, all who are jointly liable should be joined as defendants, and if service of summons cannot be had upon all, the action may proceed against those served.

ERROR from the district court of Perkins county. Tried below before NEVILLE, J. *Reversed.*

*Parsons & Logan*, for plaintiff in error.

*G. M. Lambertson, contra.*

NORVAL, J.

This action was instituted in the court below against the principal and sureties upon the official bond of John E. Miller, as county clerk of Perkins county, to recover certain moneys alleged to be due the county from Miller by reason of breaches of the conditions of said bond. A general demurrer to the amended petition was sustained by the trial court, and the cause was dismissed. The county has prosecuted this error proceeding.

The amended petition alleged, substantially, that at the general election held in Perkins county in November, 1888, the defendant J. E. Miller was duly elected to the office of clerk of said county for the term of one year from January 2, 1889; that on December 26, 1888, said Miller, with his co-defendants, executed and delivered to the county the bond upon which this suit is brought; that on January 2, 1889, said obligation was duly approved by the county board, and said Miller thereupon, on said date, entered upon the discharge of the duties of his office, and had and held said office until January, 1890. The amended petition, with great particularity, sets forth numerous breaches of the conditions of said bond by the defendant Miller while so exercising the duties of said office, which averments it is unnecessary here to summarize or reproduce. The following is a copy of the obligation in question, omitting the official oath and the indorsements of filing and approval:

"Know all men by these presents, that we, J. E. Miller, J. W. Henry, Frank L. Pearson, James W. Henderson, John M. Hicks, P. R. Johnson, J. A. Phillips, are held and firmly bound unto the county of Perkins and state of Nebraska in the penal sum of five thousand ($5,000) dollars, for the payment of which we bind ourselves, our heirs, executors and administrators.

"The condition of the above obligation is that whereas the above bound J. E. Miller has been elected county clerk in and for Perkins county, Nebraska:

"Now, if the said J. E. Miller shall render a true account of the office and of the doings therein to the proper authority, when required thereby or by law, and shall promptly pay over to the person or officers entitled thereto all moneys which may come into his hands by virtue of his said office, and shall faithfully account for all balances of money remaining in his hands at the termination of his office, and shall hereafter exercise all reasonable diligence and care in the preservation and lawful disposure of all money, books, papers, and sureties, or other property appertaining to his said office, and deliver them to his successor or to any person authorized to receive the same; if he shall faithfully and impartially, without fear, favor, fraud, or oppression, discharge all other duties now or hereafter required of his office by law, then this bond to be void; otherwise in full force.

"Signed this 26th day of December, A. D. 1888.

"J. E. MILLER.

"J. W. HENRY.

"FRANK L. PEARSON.

"JAMES W. HENDERSON.

"JOHN M. HICKS.

"P. R. JOHNSON.

"J. A. PHILLIPS."

A recovery was resisted on the ground that the bond is not joint and several in form. By section 3, chapter 10, Compiled Statutes, it is provided: "All official bonds of county, township, school district, and precinct officers must be in form joint and several, and made payable to the county in which the officer giving the same shall be elected or appointed, in such penalty and with such conditions as required by this act, or the law creating or regulating the duties of the office." Thus it will be observed that the statute expressly declares that the official bond required to be entered into by all county officers should be in form joint and several. The recital in the bond before us, "we bind ourselves, our heirs, ex-

ecutors, and administrators," does not constitute words of severalty, and the obligation of the promisors therein was joint, and not joint and several. (*Wood v. Fisk*, 63 N. Y. 245; *Chard v. Hamilton*, 56 Hun [N. Y.] 259; *Pecker v. Julius*, 2 Browne [Pa.] 33.) The bond, therefore, which is the foundation of this action, being manifestly a joint obligation on its face, does not comply with the positive requirements of the provisions of the statute already quoted. But it does not follow from this fact that the obligation is invalid, and no recovery can be had thereon. The bond was, at least, good as a common-law obligation. The undertaking is binding as a statutory bond, notwithstanding the instrument in form is not joint and several, since section 13, chapter 10, Compiled Statutes declares: "No official bond shall be rendered void by reason of any informality or irregularity in its execution or approval." The making of this bond joint in form, instead of joint and several, was a mere irregularity which did not invalidate the instrument. (*Huffman v. Koppelkom*, 8 Neb. 344; *Kopplekom v. Huffman*, 12 Neb. 95; *Thomas v. Hinkley*, 19 Neb. 324; *Riggs v. Miller*, 34 Neb. 666.) The statute requires that the bond of a county officer shall be made payable to the county in which the officer giving the same shall be elected or appointed, yet in the foregoing cases it has been ruled that the omission to name the proper obligee in the bond is a mere irregularity which does not invalidate the instrument. There is no escaping the conclusion that the bond under consideration is not void for the reason it is in form joint, instead of joint and several. The bond of a county treasurer, similar in form, was sustained in *County of Valley v. Robinson*, 32 Neb. 256.

The validity of the obligation in suit is assailed on the ground that it does not recite or state the term of office for which the principal was elected. A sufficient answer to this contention is that the statute does not require the bond of a county officer to set forth the official term of the principal obligee. The petition avers

the time when Miller was elected county clerk, as well as the dates when his official term commenced and ended, which averments the demurrer admitted to be true. It is very evident that the failure of the bond to designate the official term of Miller did not render the obligation void.

The record discloses that the court below refused to permit the plaintiff to amend its petition by inserting an allegation therein to the effect that all the parties intended said bond as a joint and several obligation, as required by statute, and that by mistake, ignorance, or inadvertence the instrument was drawn in form joint only, and that said court declined to allow the prayer of the petition to be amended so as to ask for the reformation of the bond to conform to the original intention of the parties. It was error, and clear abuse of discretion of the district court, to refuse to permit plaintiff to amend its petition in the matters just indicated. Had such amendment been made and the bond been reformed in the respects suggested, the obligees would have been jointly and severally liable. With this bond in its present form, the principal and sureties therein are jointly, and not severally, liable, and all of them must be joined in an action thereon. This suit was against all the obligees, yet as to one of the defendants the summons was returned not found, and he did not enter his appearance. Section 84 of the Code of Civil Procedure governs, which reads as follows: "Where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows: First—If the action be against defendants jointly indebted upon contract, he may proceed against the defendant served, unless the court otherwise direct." Under the foregoing provision the action could proceed to judgment against those served. (*Beeler v. First Nat. Bank*, 34 Neb. 348.) The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.